## SUCCESSION OF FINK.

13   103
125   661

Where, by the terms of a will, a bequest is made to the testamentary executor, " in full compensa-
tion and satisfaction for all charges and commissions which he may be entitled to as executor," and
he enters upon the execution of his trust and manifests no disposition to renounce the legacy, he
will be debarred from claiming any other or different remuneration.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.
*Durant & Hornor*, for *Bullerdieck*, Executor, appellant.  *J. J. Michel*
and *H. C. Miller*, for appellees.

SPOFFORD, J.    *Diedrich Bullerdieck*, testamentary executor of *John D.
Fink*, is appellant from a judgment of the District Court, sustaining an oppo-
sition to two items of his account, to wit, the item of $4,758 69 charged by
him for commissions as executor, at two-and-a-half per cent. on the inventory,
and an item of $15,000 charged for fifteen years of services by said *Buller-
dieck* as agent for *Fink*, before his death, collecting his accounts, keeping his
books, attending to his houses, and his business generally, at $1,000 *per an-
num*.

I. It is admitted by the appellant's counsel, that the deceased, by his last
will, appointed *Bullerdieck* his testamentary executor, and in the same instru-
ment bequeathed him a piece of immovable property in New Orleans, express-
ly " in full compensation and satisfaction for all charges and commissions which
the said *Bullerdieck* may be entitled to as executor," &c.

The appellant entered upon the execution of his trust, without manifesting
any disposition to renounce this legacy in lieu of his commissions.    That ac-
tion, on his part, was an acceptance of the trust under the conditions lawfully
imposed by the testator, and debars him from now claiming any other or dif-
ferent remuneration.    For, by Article 1679 of the Louisiana Code, " testamen-
tary executors, to whom the testator has bequeathed any legacies or other
gifts by his will, shall not be entitled to any commission, unless the testator
has formally expressed the intention that they should have the legacies over
and above their commissions."

It was too late for him to say, in answer to the opposition, that he had *al-
ways intended to renounce the legacy*, and claim his commissions.    *Non con-
stat*, that the testator wished him to be executor upon any other terms than
those expressed in the will.    He was not obliged to accept the trust.    But he
did accept it, unqualifiedly, and he is bound by its conditions.

The remarks in *Cucullu's* case, 4 Rob. 398, do not apply to this, for there
it was contended that the legacy was not a bequest in lieu of commission, but
was merely a remuneratory donation in payment of past services.    Here the
testator has given a legacy specially " in lieu of commissions."

II. Upon the other point, the main reliance of the appellate is the case of
*Fowler's succession* upon the claim of *Bogart*, curator, reported in 7 An. 209.

We agree with the District Judge in the opinion that the facts of that case
are so widely different from the facts in this, as to furnish no precedent for the
allowance of the sum claimed by *Bullerdieck* for services rendered to *Fink* in
his lifetime.

The appellant pursued the trade of a watchmaker and kept a small shop,

where *Fink* had his books and papers, and usually staid in business hours. *Fink* was capable of transacting his own business, and did transact it in the main. *Bullerdieck* rendered him occasional servercies, but their extent and character are not shown, as was so amply done in the case of *Bogart*      *Fink* made a will without forgetting *Bullerdieck*, and *Fowler* died intestate. The claim for services, as agent, appears to be an afterthought, and unsupported by sufficient data to authorize a judgment for any sum.

It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, with costs.