## Fox's Estate.

*Executors and administrators—Commissions—Legacies.*

1. A bequest in a will made to one who is appointed executor is presumed to be a bounty and not compensation for services to be rendered in settling the estate, unless it appears expressly or by clear implication that the testator intended that the legacy should be received by the executor in lieu of his commissions.

2. Where a testator leaving an estate of $800,000 appoints four executors, three of whom are his sons and gives "to each of the executors named in this will, who shall enter upon their duties as such executors, the sum of $5,000 absolutely," and all of the executors qualified and administered the estate, such executors are not entitled to any commissions or compensation above the amount of the legacies given to them by the will.

Argued Jan. 9, 1912. Appeal, No. 223, Jan. T., 1911, by Horace Yardley, from decree of O. C. Phila. Co., April T., 1911, No. 160, sustaining exceptions to adjudication in Estate of Henry C. Fox, deceased. Before BROWN, MESTREZAT, ELKIN, STEWART and MOSCH-ZISKER, JJ. Affirmed.

Exceptions to adjudication.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was decree sustaining exceptions to adjudication.

*Alex. Simpson, Jr.,* with him *James S. Alcorn,* for appellant.—For faithful services executors are entitled to commissions unless they have waived the right to claim them.

A legacy given by a will is presumed to be a bounty, and will be so held unless the language used shows a clear intent otherwise.

In construing a will the intention of the testator is to be derived from the meaning of the words used by him, and not from supposed but unexpressed intention: Hancock's App., 112 Pa. 532; Bender v. Bender, 226 Pa. 607.

As a corollary from the foregoing it follows, in the present case, that unless in construing the words in fact used an intent appears therein to require the executors to take the legacies of $5,000 each, in lieu of commissions, this appeal must be sustained: Clark's Estate, 10 Pa. D. R. 378.

*John G. Johnson,* with him *Maurice Bower Saul,* for appellee.—The legacies to the executors about equal the amount of commissions which would be allowable.

The legacies are contingent upon the legatees acting as executors: Hill's Estate, 34 Pa. C. C. R. 493; Mason's Account, 98 N. Y. 527; Hays' Estate, 183 Pa. 296; Harper's App., 111 Pa. 243; Sweatman's Est., 223 Pa. 552.

The daughter not named as executor is given a legacy in the same amount as each executor.

OPINION BY MR. JUSTICE MESTREZAT, February 19, 1912:

There is but one question in this case, and it is a narrow one and of easy solution.

Henry C. Fox died on March 1, 1910, leaving to survive him four children and the children of a deceased son. He left a large estate, the balance for distribution shown by the account being more than $800,000, the residue of which he divided into five equal parts, three of which he gave to his three sons, one to the children of his deceased son, and the remaining part to a trustee for his daughter. The fifth clause of the will is as follows: "I give and bequeath to each of the executors named in this will, who shall enter upon their duties as such executors, the sum of five thousand dollars absolutely. I also give and bequeath the sum of five thousand dollars to my daughter Adaline C. Rommel absolutely." The testator appointed his three sons and his friend Horace Yardley executors of the will, and the four executors qualified and administered the estate.

In the account filed, the executors claimed commissions of $26,212.43 as compensation for settling the estate in addition to the $5,000 bequeathed each of them by the testator. The auditing judge allowed the commissions, but on exceptions filed by the trustee of Mrs. Rommel the court in banc held that the legacies bequeathed to the executors were in lieu of their commissions for administering the estate. The correctness of this ruling is the only question in the case.

A bequest in a will made to one who is appointed executor is presumed to be a bounty and not compensation for services to be rendered in settling the estate, unless it appears expressly or by clear implication that the testator intended that the legacy should be received by the executor in lieu of his commissions. If the will discloses that it was the intention of the testator to reward the executor for his services by the legacy, it is conclusive on the executor, and if he accept the position and administer the estate by virtue of his appointment as executor he must accept the reward for

his services named in the will. Of course, this does not apply to administrators with the will annexed. They are entitled to reasonable compensation for their services regardless of any declaration made by the testator in his will fixing commissions for administering the estate. They hold the office by virtue of the law, while an executor is appointed by the will.

We are at a loss to see any substantial ground on which the appellant in this case, one of the executors, has the right to claim commissions in addition to the five thousand dollar legacy given him by the testator. The language of the fifth paragraph of the will is unambiguous and plainly declares the purpose of the legacy bequeathed to each of the executors. It is given to the executors and not to the individual persons. The gift is to them in their representative capacity and not to them as individuals. There are two conditions attached to the gift: the legatees must be the executors named in the will, and they must enter upon their duties as such executors. Both conditions must be complied with before the parties are entitled to the legacies. Until the executors enter upon their duties they are not entitled to the bequest. If they or either of them decline to accept the office, those declining are not entitled to the legacy. In other words, if the executors refuse to act as such they are deprived of the legacy. This, we think, makes it manifest that the testator intended that the legacy should be received as compensation for the legatees acting as executors in the settlement of the estate. If such was not the intention, we can see no purpose in the language used by the testator. He could have bequeathed the legacies to the four legatees without restrictions or conditions, he could have simply bequeathed to them five thousand dollars which would have carried out the purpose which the appellant alleges he had in making the bequest. There was certainly no necessity for his attach-

ing to the gift any condition whatever if it was the intention to make it a simple gratuity or bounty.

It is argued by the appellant that if the testator intended the gift to be in lieu of commissions or in full for services he would have said so. It is true that the scrivener who prepared the will could have used language which would have prevented any contest over this paragraph of the will, but he did not do so. The language, however, is sufficiently clear to leave no doubt whatever that if the persons named as executors did not accept the office and enter upon its duties, they would be deprived of the legacy. This clearly points to but one purpose of the testator and that is that the individuals named in his will as executors should not receive the legacies given them unless they administered his estate. Nor is there anything in the contention that such was not the intention of the testator because three of the executors might refuse to administer or, having administered, might die and the remaining one would only receive five thousand dollars for his services which would be entirely inadequate. That contention is fully met by what was said in Harper's Appeal, 111 Pa. 243, that it must be presumed that the testator considered the contingency of the death or resignation of some of the executors when he fixed the compensation to be paid to each of them.

It appears from the finding of the learned auditing judge that the reasonable commissions allowable to the executors would approximate the sum given them as legacies. In view of the fact that the residuary estate was equally divided between all of the testator's children, it cannot be presumed that the testator intended to give the three sons double commissions, which would be the effect of their receiving the legacies in addition to the commissions claimed. The testator's purpose was to make his children equal in the distribution of his estate, and this was accomplished by giving the daughter five thousand dollars which was bequeathed the sons

as compensation for performing their duties as execu-
tors. The legacy of five thousand dollars is given to the
daughter in the same paragraph of the will in which the
sons are each given five thousand dollars when they
enter upon their duties as executors.

There is nothing in any other part of the will which
gives any countenance to the contention that the lega-
cies given to the executors were not to be in lieu of com-
missions, while the explicit language of the fifth par-
agraph in which the legacies are bequeathed leaves no
doubt that such was the intention of the testator.

The decree is affirmed.