JOSEPH E. F. CONNOLLY, In Equity,

*vs.*

MATTHEW J. LEONARD, et als.

Cumberland.    Opinion September 7, 1915.

*Bill.  Commissions.  Construction.  Executor.  Fees.  Legacy.  Life Estate.  R. S., Chap. 65, Sect. 37.    Trustee.    Will.*

Bill in equity to obtain judicial construction of certain portions of a will.
*Held:*
1.  If the will disclose that it was the intention of the testator to reward the executor for his services by a legacy, it is conclusive on the executor that if he accept the position and administer the estate by virtue of his appointment as executor, he must accept the reward for his services named in the will.
2.  Where the testator nominates the same person as executor and trustee, and provides that certain repairs on the real estate, to be done by certain interested parties, are to be done "subject to the approval of my executor and trustee herein named and his successor or successors," and the probate court confirms the appointment as executor but not as trustee, appointing some other person as trustee, the required approval for repairs, under the terms of the will under consideration, is to be given by the trustee who is thus appointed.
3.  Where the testator gives money on deposit in a Savings bank to a trustee, who is to pay the dividends to certain heirs, the trustee may retain possession of the bank book, notwithstanding a wish expressed in the will that those heirs should "draw said dividends from the bank as they accrue."
4.  This court will not advise trustees and construe wills for their guidance until the time comes when they need instructions.  The fact that the question may arise sometime in the future is ordinarily not enough.  Such a question should not be decided until the anticipated contingency arises, or at least until it is imminent.  Then all the parties interested at that time can be heard under the existing conditions and circumstances.

On report.  Decree according to the opinion.

This is a bill in equity, in which complainant seeks a construction and interpretation of certain parts of the last will and testament

of Thomas D. Leonard, late of Portland, in said county, deceased. At the conclusion of the hearing of this cause, by agreement of the parties, the case was reported to the Law Court for determination upon so much of the evidence as is legally admissible.

The case is stated in the opinion.

*Foster & Foster, and William Lyons,* for plaintiff.

*Dennis A. Meaher,* for Matthew J. Leonard, Thomas Leonard, Sally Leonard, Matthew J. Leonard, Jr., Ann Quinlan, Patrick Leonard.

*David E. Moulton,* for Elizabeth Ellen Graney.

*John B. Thomes,* for Mary Alice Haley.

*Albert E. Anderson,* for Alice Graney, John Graney, Thomas Graney, George Graney.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, PHILBROOK, JJ.

PHILBROOK, J. This is a bill in equity brought for the purpose of obtaining judicial construction and interpretation of certain provisions of the will of Thomas D. Leonard. The testator in his will requested that the defendant Matthew J. Leonard be appointed both as executor and trustee, but the probate court declined to confirm this request, except in part; and Matthew having been appointed as executor, the plaintiff was appointed trustee, and in his said capacity he institutes this proceeding.

The testator having nominated Matthew as executor and trustee, also made to him a devise of certain real estate which, according to the terms of the will, was "to be in lieu of any payment for services as executor or trustee of my estate and is so to be accepted and understood by the said Matthew J. Leonard in accepting this property." In his answer to this bill, the latter asks this court to determine whether, as executor, he would be prevented from asking for the commissions specified in R. S., chap. 65, sec. 37, as amended by chap. 78 of the Public Laws of 1911.

It is familiar learning that under the common law of England executors and administrators were entitled to no compensation for the discharge of their duties, but in this country nearly every state has provided by legislative enactment for just and moderate remuneration for services of this class of trust officers. It is also to be observed that in many states in the Union their statute law requires

executors whose compensation is provided for by will to renounce such provision in writing or forfeit their compensation under the statute. It has been held, in the absence of statutory provision and of any provision in the will that the bequest is intended to exclude further compensation, that the executor is entitled to both the legacy and his statutory commissions. *In re Mason,* 98 N. Y., 527; *Aspinwall* v. *Pirnie,* 4 Edw. Ch., 410 (N. Y.). The weight of authority, however, seems to be that if the testator has given a legacy in lieu of commissions, or imposed upon his executors the condition that they should not have commissions, the court cannot defeat the provisions of the will. *In re Kernochan,* 104 N. Y., 618, s. c. 11 N. E., 149; *Succession of Fink,* 13 La. Ann., (Louisiana Sup. Ct.) 103; *Haine's Accounting,* 8 N. J. Eq., 506; *Fox Estate,* 235 Pa. St., 105; s. c. 83 Atl., 613; s. c. Ann. Cas., 1913D, 991. In the latter case, the language of the court is as follows: "If the will disclose that it was the intention of the testator to reward the executor for his services by the legacy, it is conclusive on the executor, and if he accept the position and administer the estate by virtue of his appointment as executor, he must accept the reward for his services named in the will." In view of the language used in the will at bar, we have no hesitation in saying that Matthew J. Leonard is not entitled to commissions as executor in addition to the legacy therein provided.

Turning our attention now to the questions raised by the plaintiff, we observe that he asks interpretation:

FIRST. Of the eighth item of the will, which is as follows:

"Eighth. I give, bequeath and devise to my two daughters Elizabeth Ellen Graney and Mary Alice Haley for and during the term of their natural lives my houses and lands situated at number 2, number 4, number 10 and in the rear of number 10 and number 12 Briggs Street, in said Portland, to manage and control the same, keep the same insured against loss by fire for the benefit of my estate, to keep the same in repair, tenantable, and let the same and receive the income therefrom and from such income pay the expenses of keeping the same insured and in good repair. Such repairs and keeping to be subject to the approval of my Executor and Trustee herein named and his successor or successors. My said daughters are at liberty to occupy the rents in which they now live and continue in the same as they have during my life. The net income after

paying the above named expenses is to be divided equally between my said daughters and this life estate is to continue during the life of each daughter and the survivor.

This property shall not be sold or disposed of except as above stated during the life of my daughters or the life of the survivor."

The plaintiff trustee desires to know whether or not he, as such trustee, is to be one of the parties who shall approve the repairs and keeping as above stated, and whether it belongs to him alone or to him and the executor jointly to make such approval. The repairs and keeping relate only to real estate. By virtue of statute, the real estate of a testator may be sold by the executor, under authority of the probate court, when the same is necessary to pay debts, legacies and expenses of administration. When not so necessary, it passes by law directly to the devisee, in the absence of any testamentary provision. Nothing in the case indicates that the executor will ever be required to use the proceeds of the sale of real estate for the purposes just referred to. The precise question we are called upon to answer at this point is,—what testamentary provision, if any, would give the executor any control over or management of the real estate in question? Here we know of no rule of law to guide us except the familiar one of ascertaining the intention of the testator, so far as that intention has been expressed, and being goverened thereby. *Torrey* v. *Peabody*, 97 Maine, 104. The will declares that repairs and keeping are "to be subject to the approval of my Executor and Trustee herein named and his successor or successors." In the mind of the testator the executor and trustee would be one and the same person but acting in a dual capacity. Did the testator mean that the keeping and repairs were to be approved by Matthew as executor or by Matthew as trustee? As executor, the duties of Matthew would soon end, and he was not liable to have a "successor or successors." As trustee, the duration of duty must be longer and might require a "successor or successors." When the duties of administration were done by the executor and his final accounts allowed, he ceased to be executor unless the probate court should open the administration for proper causes, and could no longer approve the keeping and repairs in that capacity. Evidently then the trustee, whether it be Matthew or his successor, is the trust officer whose duty it would be in the last analysis to

approve the keeping and repairs. The only trustee in the case thus far is the plaintiff; and we are of opinion that he, and he alone, is the person to approve the keeping and repairs until his successor is appointed.

SECOND. But the plaintiff says that he is in further doubt and uncertainty in relation to the last portion of item eight when taken in connection with item eleven of the will. Quoting again the said last portion and said item eleven, we find that the will declares as follows:

"The net income after paying the above named expenses is to be divided equally between my said daughters and this life estate is to continue during the life of each daughter and the survivor. This property shall not be sold or disposed of except as above stated during the life of my daughters or the life of the survivor." .

"Eleventh. In case of the death of either daughter, I direct my executor and trustee to take charge of her portion of the estate that she would have held if she continued to live and pay over the net income therefrom to her legal heirs up to the time of the death of the other daughter."

The plaintiff here inquires whether a trust is created for the legal heirs mentioned in item eleven, and if so, what becomes of the life estate of the survivor; also whether there is such a conflict between the last part of item eight and item eleven that the latter is to prevail over the former.

The duty of the trustee under the provisions of the last part of item eight is plain. The contingency mentioned in item eleven has not yet arisen and may not arise for many years. This court has said in *Huston* v. *Dodge*, 111 Maine, 246, "we do not think it wise, nor within the intent of the statute, to assume jurisdiction to advise trustees, and to construe will for their guidance until the time comes when they need instructions. The fact that the question may arise sometime in the future is ordinarily not enough. Such a question should not be decided until the anticipated contingency arises, or at least until it is about to arise, until it is imminent. Then if the trustee needs present advice to know how to meet the contingency it will be given him. Then the parties interested in the issue can be heard under the conditions and circumstances as they may exist at that time. They should not be prejudiced. Nor should there be

any judgment until there is occasion for it." We are of opinion that the provisions of item eleven, either alone or in conjunction with item eight, should not now be construed.

THIRD.    Item nine of the will is as follows:

"Ninth.    I give and bequeath to my nephew Matthew J. Leonard of Portland, Executor and Trustee under the provisions of this will, his successor or successors in office, all money which I have on deposit in the Portland banks in trust, to pay over to my daughters Elizabeth Ellen Graney and Mary Alice Haley semi-annually during their lives respectively, the net income received from said money as dividends, the same to be divided equally between them after deducting any necessary expenses incurred for my estate. It is my wish that my said daughters and the survivor draw said dividends from the bank as they accrue."

The trustee says he is in doubt and uncertainty as to who is to retain the bank books or evidences of deposit in the Portland banks. It has been held that a trustee may and should keep trust deeds and other documents and evidence of title within his control; *Corin* v. *Thomas,* 46 L. T. Rep., N. S., 916. The testator in this case expressed a "wish that my said daughters and the survivor draw said dividends from the bank as they accrue," but this does not necessarily mean that the daughters are to be placed in possession of the bank books, as against a possession by the trustee, but rather that they might enjoy the benefits of such dividends as the same might be available. It is our opinion that the trustee should retain the bank books or evidences of deposit in the Portland banks.

FOURTH.    The request for interpretation of the twelfth and thirteenth and last items of the will must be regarded as falling under the rule hereinbefore referred to in *Huston* v. *Dodge,* supra.

*Decree accordingly.*