### MOOERS et al. v. SHOEMAKER.

(Court of Appeals of District of Columbia. Submitted January 5, 1922. Decided April 3, 1922.)

No. 3514.

I. **Executors and administrators** ⬅️490—**Will held to limit compensation to commissions specified therein.**

A will giving executors and trustees power to sell real estate provided that they should deduct a sum equal to 3 per cent. as compensation. It also provided that they should manage and control the property, with a commission of 5 per cent. of the gross amount collected as rental. *Held*, that compensation provided for making the sale was intended to be full compensation, and excluded payment of further commissions for making such sales from funds of the estate.

**2. Brokers ⟨⟩18—Cannot employ other brokers at extra expense to owner.**

A broker employed on a fixed commission cannot engage another broker to assist in a sale, and impose an additional commission on his principal, without express or implied authority.

**3. Executors and administrators ⟨⟩109(3)—Executor, required to pay broker's commission for negligent failure to inform broker of facts, cannot recover it from the estate.**

Where the executor and trustee under a will was an experienced real estate broker, and was given by the terms of the will a fixed commission for selling the real estate, he cannot charge the funds of the estate with a commission which another broker recovered from him for making the sale, because the trustee had negligently failed to inform the other broker that he had already begun dealings with the purchaser, and was not authorized to pay the commission.

Appeal from the Supreme Court of District of Columbia.

Suit by Abner C. P. Shoemaker, as executor of Louis P. Shoemaker, deceased, against Edwin A. Mooers and another, as surviving trustees under the will of Pierce Shoemaker, deceased, in which Harriet S. Shoemaker, as administrator d. b. n. c. t. a., was substituted as petitioner. Decree for petitioner, and defendants appeal. Reversed and remanded.

W. C. Sullivan, of Washington, D. C., for appellants.

W. J. Lambert and R. H. Yeatman, both of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. Pierce Shoemaker died in this District on May 20, 1891, leaving a will by the terms of which he appointed his two sons, Louis P. Shoemaker and Francis D. Shoemaker, as executors and trustees, with authority to sell and convert his estate into cash, providing that "as compensation for their work and services in making such sale or sales" they should deduct a sum equal to 3 per centum from the gross amount thereof. It was also provided that the executors should have the management and control of the property with a commission of 5 per centum of the gross amount collected as rental thereon, as compensation for their services. In 1896 Francis D. Shoemaker was removed as executor, and Louis P. Shoemaker was substituted as sole executor under the will.

In 1911 the executor as trustee sold certain real estate belonging to the estate, upon which one Digges claimed a commission, as agent, for negotiating the sale in the sum of $6,332.50, with interest. Upon refusal of the trustee to pay the claim, Digges brought suit and recovered a judgment thereon (Shoemaker v. Digges, 46 App. D. C. 206), which the trustee was compelled to pay. Subsequently Louis P. Shoemaker died, and defendants, Mooers and Newman, were substituted as executors and trustees. This action is by Abner C. P. Shoemaker, executor of Louis P. Shoemaker, deceased, to recover the amount he was compelled to pay Digges as a result of the suit and judgment thereon.

Petitioner, in his bill, avers that the services for which Digges obtained judgment against Louis P. Shoemaker, were rendered for him as trustee, and that the estate of Louis P. Shoemaker is entitled to re-

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
279 F.—64

imbursement out of the trust estate of Pierce Shoemaker. It is further averred that the account of the substituted trustees, defendants herein, was referred to the auditor to state an account for the purpose of distributing the balance of the proceeds derived from the sale of the real estate out of which Digges claimed and obtained the commission. The auditor in his report reserved a fund, subject to the order of the court, sufficient in amount to reimburse the estate of Louis P. Shoemaker for the commission which he was compelled to pay Digges. Petitioner prays that the court pass an order directing the substituted trustees to—

"pay to the petitioner, as executor under the will of said Louis P. Shoemaker, deceased, the sum of $8,441.24, being the amount paid out in settlement of the Digges judgment."

From a decree in favor of the petitioner, this appeal was taken.

[1] The sole question is to determine, from the will itself, the intention of the testator in placing a limitation upon the amount of compensation which should be paid his executors in the event of the sale of property belonging to the estate. After devising his estate in trust to his executors, with instructions to convert the property into cash, and to distribute the proceeds as directed in the will, he specifically provides that—

"Upon full compliance being made with the terms of any such sale or sales thereupon and as soon thereafter as conveniently may be done, to distribute and divide the proceeds thereof, after deducting therefrom a sum equal to three per centum of the gross amount of such sale or sales, which sum I hereby give and allow to my executors, or to the survivor of them, as compensation for their or his services in making such sale or sales."

This, we think, clearly implies that it shall be full compensation for making the sale, and excludes the payment of further commissions from the funds of the estate. The mere fact that the term "commission" is used indicates the intention of the testator to place a limitation upon the amount of compensation the executors should be paid. This is emphasized by the further provision in the will, limiting the amount of compensation the executors should receive for the management and control of the property to a commission of 5 per centum of the rentals collected by them.

[2] On the other hand, the executors accepted the trust with full knowledge of this express provision of the will. The substituted executor, who made the sale in question, was a real estate broker of wide experience, and must be charged with knowledge of the custom of brokers in transactions of this character. The executor in the sale of the property acted rather in the capacity of a broker employed for a fixed commission than as a trustee with discretion in the matter of incurring expenses, not expressly limited by the will. No rule is better established than that a broker, employed upon a fixed commission, cannot engage the assistance of another broker and impose an additional commission upon his principal, without express or implied authority from the principal.

[3] In the present case there is nothing upon which to place such an implication, whether we treat the executor in the legal capacity of trustee or broker. In the Digges Case, he not only denied liability, but denied that he had employed him. The verdict was returned, and the judgment sustained, upon the theory that the trustee had been negligent in failing to inform Digges that he and the purchaser had been negotiating for the sale of the property long prior to the time Digges alleged he came into the transaction. In that case this court said:

"The jury found that the purchaser was not procured by the defendant, but by plaintiff, who stimulated him to the purchase and was the procuring cause of his offer. They found that defendant did not notify plaintiff of any previous negotiations with Gordon, nor reserve the right to effect a sale to Gordon himself. Plaintiff was left to believe that he had found the purchaser." 46 App. D. C. 214.

Indeed, the whole case was disposed of upon the relation of principal and broker. The idea, therefore, of imposing any additional obligation upon the trust estate, seems not to have been even in the mind of the executor. He made no objection that the suit had been brought against him individually, instead of against him as trustee or executor.

The decree is reversed, with costs, and cause remanded for further proceedings not inconsistent with this opinion.