## J. M. Stanley et al v. Jim Henderson, Independent Executor, et al.

No. 7875.   Decided April 29, 1942.
Rehearing overruled May 27, 1942.
(162 S. W., 2d Series, 95.)

*Prentice Oltorf*, of Marlin, for plaintiffs in error.

Where a will provides a stipulated sum to be paid in equal installments as the compensation of the executor of the will, said executor is not entitled to any other sums or fees, notwithstanding the statutory fee. City of Austin v. Johns, 62. Texas 179; Darragh. v. Barmore, 242 S. W. 714; Martin v. Dial, 57 S. W. (2d) 75; 44 Tex. Jur. 706.

*Cecil R. Glass*, of Marlin, for defendants in error.

Where the will provided that the executor should receive his compensation in five annual installments, and in another paragraph stipulated that he should take $1,500.00 in three installments of five hundred each as his compensation, the will should be construed so as to allow the executor the commissions permitted by statute. Lockett v. Wood, 84 S. W. (2d) 800; First Methodist Church v. Anderson, 110 S. W. (2d) 1177; 44 Tex. Jur. 705.

MR. JUDGE BREWSTER delivered the opinion of the Commission of Appeals, Section A.

J. M. Stanley and others, petitioners, filed this suit in the district court of Falls County as devisees and legatees under the will of L. N. Stanley, deceased, for a construction of the will, the removal of Jim Henderson, respondent, as independent executor thereof and the appointment of a receiver to distribute the estate. Other defendants named with Henderson were the devisees and legatees who did not join in the suit as plaintiffs. Several heirs of Stanley intervened claiming under his will.

Trial without a jury resulted in a judgment against Henderson, who appealed. The Court of Civil Appeals, at Waco, reversed the judgment and remanded the cause for a new trial. 150 S. W. (2d) 152.

Provisions of the will to be construed relate principally to the matter of the compensation to be retained by Henderson for his services as independent executor. They appear in paragraph 5 and 9, which read as follows:

"5th. Five years shall be taken to wind up my estate, distributing about 1/5 annually among them, and longer if necessary to preserve same from dissipation and waste, my executor to draw his pay in some five annual installments.      *      *

*      *      *      *      *      *      *      *      *      *      *

"9th. The sum of 1 1/2 Thousand Dollars shall be in three installments for Five Hundred Dollars each be taken by my executor as compensation for his services contingent upon faithful and honest discharge of this Stewardship."

■  Plaintiffs contend that these provisions of the will authorize Henderson to retain $1,500.00 as his compensation and no more. Henderson claims they are to be construed as allowing him that sum in addition to his statutory five per cent commissions. The trial court construed the will in line with plaintiffs' contention. The Court of Civil Appeals overruled both contentions, holding that the testator's intention was to guarantee his executor a minimum of $1,500.00 as his compensation but to give him any additional amount necessary to make up a straight five per cent commission. We are not in accord with this construction. We think it was the clearly expressed intention of the testator that Henderson should retain $1,500.00 as full and entire compensation for his services.

■  In the first place, we see no difficulty because of the ambiguity in the language of paragraphs 5, 8 and 9 arising from the fact that paragraph 5 directs that the executor is to draw his pay in five annual installments, while paragraph 9 says he shall take it in three installments. There is simply a conflict, which is fully explained by an examination of the original will, properly ordered sent up as a part of the record. It clearly appears that paragraph 8 and 9 were originally written as follows:

"8. I hereby appoint Cliff McCoy and Jim Henderson as executors of this my Will, and direct that no bond be required of them, and no Probate Court proceedings be had except an appraisement, and inventory of same which will be found among my papers made up annual (sic) on Jan. 1st, of each year & filing this will.

"9th. The sum of Five Thousand Dollars shall in five installments of One Thousand Dollars each shall be taken by my executors as compensation for their services contingent upon a faithful and honest discharge of this Stewardship."

Then they appear to have been altered as follows: the words *Cliff McCoy and* were stricken; *them* and *their* were changed to *him* and *his; s* in *executors* was stricken; the word *five,* appearing as the fourth word in paragraph 9, was stricken and the figure *1 1/2* were written in; the word *five,* appearing as the eighth word in paragraph 9, was stricken and the word *three* written in; the words *One Thousand* were stricken and the words *Five Hundred* written in; and the word *shall* immediately preceding the words *be taken* was stricken. This procedure resulted in paragraph "9th" reading as first quoted above.

That the testator made these changes is not disputed and, as the will was holographic, they do not invalidate it. However, they do create a conflict with paragraph 5, which provides that Henderson should draw his pay in five annual installments, whereas paragraph 9 say he shall take it in three installments of $500.00 each. Obviously, both provisions cannot be given effect. But the solution is equally obvious. The provisions of paragraph 9 control, as against those of 5, because (1) they come later in the will, Martin v. Dial (Com. App.), 57 S. W. (2d) 75, 89 A. L. R. 571; (2d) they were written later; and (3) they are the more specific, Classen et al v. Freeman et al (Com. App.), 236 S. W. 979. As we have seen, the testator originally wrote paragraph 9 so that the executor's pay should "be taken" in five annual installments, but he thereafter changed the same so that his executor's compensation should be paid in three such installments, and that provision controls whether his failure to make a corresponding change in paragraph 5 was deliberate or inadvertent.

So it results that we have language as plain as can be used that the executor shall take fifteen hundred dollars *as compensation for his services.* Henderson acceded to his office of execu-

tor and enjoyed its privileges and emoluments by virtue of the will of L. N. Stanley. Since he was willing to enjoy its benefits, he must bear its burdens. He cannot accept the one and reject the other. He entered upon his office in the face of the plain proviso that its material returns to him were limited to the sum of $1,500.00, so he cannot be heard now to complain that that sum is inadequate. He knew the size and character of the estate and, doubtless, something of the debts it owed. He could have refused to serve, but he chose otherwise. He made his bargain and he must abide it. Therefore, we sustain petitioners' points of error 1 to 4, inclusive, and hold that Henderson's compensation is fixed by the will at $1,500.00, and that the provisions of the statute which would otherwise fix the same have no application. See Thomas et al v. Matthews, 51 Texas Civ. App. 304, 112 S. W., 120; Gordon v. Greening et al, 121 Ark. 617, 182 S. W., 272; Brown v. Brown (Ky.), 6 Bush, 648; In Re Fox's Estate, 235 Pa. 105, 83 Atl., 613; Connolly v. Leonard, 114 Me. 29, 95 Atl., 269; In Re Executors Samuel Haines, 8 N. J. Eq., 506; Succession of Fink, 13 La. Ann. Rep., 103; Mooers v. Shoemaker (Ct. App. Dist. Col.), 279 Fed., 1008; McIntire v. McIntire, 192 U. S., 116, 48 L. Ed. 369, 24 Sup. Ct. 196, 34 A. L. R., 918, Anno. II.

The Court of Civil Appeals held that the trial court was without jurisdiction to appoint a receiver to take possession of the assets of the estate for the purpose of partitioning the same among the beneficiaries under the will. Petitioners' fifth point of error challenging that holding is sustained. Both sides seek a construction of the will and it has been recognized since our early history that the district court has original jurisdiction of such an action. Howze v. Howze, 14 Texas( 232; Shindler v. Cooke (Civ. App.), 90 S. W. (2d) 292 (er. ref.). And it is an equally well established rule that, in addition to construing the will, the district court has jurisdiction (1) to determine a claim asserted by those interested in the estate that an independent executor is withholding property, either real or personal, from the assets of the estate under an asserted title thereto in himself, (2) to partition such disputed property, as well as the other property of the estate among those entitled thereto, and (3) to appoint a receiver to preserve the property and to execute the judgment. Griggs et al v. Brewster et al, 122 Texas, 588, 62 S. W. (2d) 980, and authorities there cited. This rule is grounded on the fact that the jurisdiction of the district court, with its broad equity powers,

is more adequate to grant relief than is the probate jurisdiction of the county court.

■ Here, in the face of a stipulation in the will under which he held office that he should take $1,500.00 as compensation for his services, it was established that up to June 9, 1938, which was the last time he paid himself any commissions, Henderson had taken $7,832.04, which is $6,332.04 more than he was entitled to take under the will. Moreover, in a supplemental report filed in the trial court on December 14, 1939, Henderson under his oath says "the said estate is indebted to said executor in unpaid commissions in the sum of $1,057.21. That said estate is indebted to and said executor is entitled to receive the last installment of $500.00 mentioned in paragraph 9 of the will of the testator." Thus, presumably it would transpire that Henderson would take $1,557.21 additional, or a total of $7,889.25 more than he was entitled to under the will, if he were allowed to continue as executor. He has asked a construction of the compensation provisions of the will under which he holds. Would he exact of himself an obedience to the construction we have given by returning the $6,332.04 belonging to petitioners which he has already taken? There is no assurance that he would. In this connection it is significant that along with his request for a construction of paragraph 9, supra, he makes no tender of the money and offers no promise that he will return it in the event the construction should be unfavorable to him.

We note that respondent pleads that all the debts of the estate had been paid except his commissions, attorneys fees and costs of court. So the collection of what respondent owes the estate and a distribution of the estate among those entitled thereto is all that is left to be done. This necessarily disposes of Henderson's claim that he has five years under the will to administer Stanley's estate. It is readily apparent that the provision of paragraph 5 that five years should be taken to "wind up my estate" was to preserve the same from "dissipation and waste" and we cannot see how this purpose could be served by turning the estate back to respondent. Under the facts of this case, that provision could not reasonably be construed as other than directory.

We hold, therefore, that since Henderson is withholding moneys belonging to the estate as to which he sustains a supreme fiduciary relationship, the district court of Falls County

correctly exercised jurisdiction of the entire subject matter of the suit and properly appointed a receiver to preserve the estate until it can be distributed among the heirs and devisees named by Stanley in his will.

What we have said either disposes of petitioners' remaining five points of error or renders it unnecessary for us to decide them.

The judgment of the Court of Civil Appeals is reversed and that of the district court is affirmed.

Opinion adopted by the Supreme Court April 29, 1942.

Rehearing overruled May 27, 1942.