In the Matter of the ESTATE OF Rose A. DOBSON.

Mary Rose LORENZO, Appellant (Petitioner),

v.

Martha HOWARD, James E. Dobson, and Robert R. Dobson, Appellees (Objectors).

David Clift, Temporary Administrator of the Estate of Rose A. Dobson, Deceased.

No. 85-37.

Supreme Court of Wyoming.

Oct. 28, 1985.

Michael A. Maycock, of Daly, Maycock, Anderson & Taylor, P.C., Gillette, for appellant.

Richard S. Dumbrill, of Jones, Dumbrill & Hansen, Newcastle, for appellees James E. Dobson, Robert Dobson and Martha Howard.

Richard J. Macy, of Macy & Harper, Sundance, for appellee Martha Howard.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

BROWN, Justice.

This appeal seeks review of the district court's ruling that a holographic will was invalid. Appellant Mary Rose Lorenzo, eldest daughter of Rose A. Dobson, deceased, petitioned the district court to admit the decedent's holographic will to probate. The decedent's other children by a later marriage, appellees Martha Howard, James E. Dobson, and Robert R. Dobson, objected to the admission of the holographic will. After a hearing on the matter, the district court ruled the holographic will invalid and denied its admission to probate.

Appellant raises the following issues:

"I. Did the district court, sitting in probate, err in finding that penciled words and marks placed on a holographic will by someone other than the decedent, were so placed with the knowledge and consent of the decedent, when there was no evidence of that fact?

"II. Do immaterial alterations on what would otherwise be a valid holographic will, render the will of no force and effect?"

We will affirm.

Rose A. Dobson died on October 14, 1984. A few days later appellant, Rose Dobson's eldest daughter, found a holographic will in a family bible in Rose Dobson's home. The appellees, all children of Rose Dobson by another marriage, contended the will was invalid and that Rose Dobson died intestate.

At the hearing, David Clift, vice president and trust officer of the Stockmen's Bank & Trust Company in Gillette, Wyoming, testified there were things written on the contested will in what he recognized as his own handwriting. He produced two documents: one, a prospect file for Rose Dobson and the other an estate planning analysis containing notes and the value of decedent's assets completed by him. Mr. Clift testified he recalled meeting with

Rose Dobson, but he could not recall the exact conversation between them. He recalled writing on her will and that it was his policy as a trust officer not to write on a person's will without their consent. Other than David Clift's notations, the evidence showed the remainder of the will was in the decedent's handwriting.

As stated earlier, the district court concluded the holographic will was invalid and found:

### "FINDINGS OF FACT

"1. That the writing by a pen on the Will received into evidence and the signature appearing on page 4 thereof is that of the above-named decedent.

"2. That the blue lines on said Will were placed there by the decedent.

"3. That the penciled words and marks on said Will were placed there by David Clift with the knowledge and at least the implied consent of the decedent.

"4. That the decedent went to David Clift to seek assistance in disposing of her estate.

### "CONCLUSIONS OF LAW

"1. That the importance of changes made to a holographic Will by one other than the testator do not bear upon the validity of the Will.

"2. That the legislature of the State of Wyoming means precisely what it said when it enacted the statute requiring that a holographic Will be entirely in the handwriting of the testator.

"3. That the changes made by David Clift to the purported Will of the decedent completely vitiated it as a holographic Will.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Will of Rose A. Dobson is invalid and of no force or effect, and is hereby denied admission to probate."

We will consider both of appellant's issues together. Appellant asks whether the trial court erred by invalidating the holographic will due to the notations made on the will by David Clift.

■ The right to make a will is statutory, subject to legislative control. 1 Bowe-Parker: Page on Wills § 3.1, pp. 62–63 (1960); and *In re Thornton's Estate*, 21 Wyo. 421, 133 P. 134 (1913). Section 2–6–113, W.S.1977 (June 1980 Replacement) provides:

"A will which does not comply with W.S. 1–6–112 is valid as an holographic will, whether or not witnessed, if it is entirely in the handwriting of the testator and signed by the hand of the testator himself." [1]

As the above statute indicates, a holographic will, to be valid, must be *entirely* in the handwriting of the testator. Here, there were several notations made on the will. The phrases, "including all mineral and oil rights," and "excluding all mineral and oil rights" were penciled in the will. Additionally, the phrase "including mineral rights" was penciled in and then crossed out. Certain numbers and parentheses were also added. David Clift admitted the penciled notations were his handwriting. Appellant claims there was no evidence that the notations made on the will by another person were made with Rose Dobson's consent. We cannot agree. David Clift testified:

"MR. MACY: (Recross-Examination)

"Q But you do know that is your writing on the Will that has been testified to?

"A Yes.

"Q And that was done with the consent of Mrs. Dobson?

"A I assume that to be correct, yes.

"Q Well, you wouldn't have made it over objection, would you have?

**1.** The Wyoming statute in effect at the time decedent prepared the purported will provided:
"An olographic or holographic will is herein defined as one that is entirely written and signed by the hand of the testator himself; and is not required to be in any particular form and may be made in or out of this state and need not be witnessed." Section 2–55, W.S.1957.
For purposes of this appeal, it matters not which statute is used.

"A No.

"Q You were advising her, weren't you?

"A Yes.

"Q And she was taking your advice, was she not?

"A Yes."

■ We conclude there was evidence upon which the trial court could conclude the notations made by a third party were made with the knowledge and consent of the decedent.

In sum, the will was not entirely in the handwriting of the deceased as required by § 2–6–113. One authority has stated:

"An interlineation in a holographic will re-executes and republishes the will, and the instrument is entitled to probate as altered, provided the change is made by the testator in his own handwriting with the intent to incorporate the additional words or figures in the will. * * *

"The alteration of a holographic will or the incorporation of words therein by a person other than the testator, even though with the latter's knowledge or consent or at his direction, vitiates the will, notwithstanding a statutory provision that no address, date, or other matter not incorporated in the handwriting of the decedent shall be considered as any part of the will. * * *" 79 Am. Jur.2d Wills §§ 721, 722, p. 798 (1975).

A similar situation arose in the case of *In re Towle's Estate*, 14 Cal.2d 261, 93 P.2d 555, 124 A.L.R. 624 (1939), in which a trust officer made cancellations and additions at the request of the testatrix. The holographic will was held invalid as a result of such changes and the court averred:

"The refusal of the courts in the past to permit any deviation from the clear, plain requirements of the code section governing the due execution of holographic wills was based upon the theory that the rigid requirement that such wills be entirely in the handwriting of the testator was enacted by the legislature to afford

protection from the danger of forgery of such a will, not protected, as is a formal will, by the safeguard of the requirement of due attestation by competent witnesses. [Citation.] In other words, the fact that a document is entirely in the handwriting of a testator offers an adequate guaranty of its genuineness. This same reasoning applies, and the same danger of forgery exists, we think, with reference to cancellations, interlineations, and alterations made in an holographic will, and requires the changes, alterations, and interlineations to be made wholly in the handwriting of the testator. Such rigid and strict requirement is neither, in our opinion, unreasonable nor unwise." *Id.* 93 P.2d at 561–562.

The same reasoning is applicable here. To give credence to a holographic will, the law requires that it be entirely in the handwriting of the testator. This clothes the document with an indicia of authenticity.

Appellant claims the alterations made were immaterial and should not render the will invalid. Appellant goes on to postulate that anyone who is dissatisfied with the "contents of a holographic will could invalidate the will by simply writing anything on the face thereof."

■ This is not a case in which the testatrix made the changes herself, as is her right. *Seeley v. Estate of Seeley*, Wyo., 627 P.2d 1357 (1981); and *Stanley v. Henderson*, 139 Tex. 160, 162 S.W.2d 95 (1942).[2] Nor is it a case where some unknown person made unauthorized changes without the knowledge or consent of the testatrix. Neither of the above scenarios, in and of themselves, would necessarily invalidate the will. We agree with the court in the *Towles* case, supra, 93 P.2d at 559–560, wherein it said:

" * * * It is conceded by appellants, as indeed it must be, since it is self-apparent, that cancellations, interlineations and additions in the handwriting of a

**2.** In the *Seeley* case we held a testator effected a valid partial revocation of a holographic will by cutting out a part of the will and carefully taping the remaining portions of the will back together. The validity of the holographic will, as modified, was nevertheless upheld.

person other than Helen M. Towle, appear upon the face of the document. *It is true that if someone, unknown to the testatrix and without her authority, had marked up decedent's will, said instrument, as originally executed by the testatrix and with said alterations deleted, would be entitled to probate. Musgrove v. Holt*, 153 Ark. 355, 240 S.W. 1068. But no claim is made in the instant case that these marks, interlineations and additions were placed on said instrument without the knowledge and consent of the testatrix. Of course, no such claim could be successfully made, since the evidence is undisputed that these marks, interlineations and changes were made by Mr. Seftenberg in the presence of the testatrix and with her knowledge and consent, and that whatever cancellations and interlineations were made which changed the terms and provisions of the original holographic will, expressed the testatrix's own ideas and wishes. In view of these uncontradicted facts, we are convinced that no amount of argument can offer escape from the simple, basic fact that the document presented for probate was not entirely written, dated and signed by the hand of the testatrix herself. The instrument, therefore, is not entitled to probate." (Emphasis added.)

It is not readily apparent whether or not the notations made by David Clift changed the disposition scheme of the will in a material way. The determination of whether or not the notations materially changed the disposition scheme would require construction of the will, which we do not feel we should undertake given the circumstances of this case.

In the case at bar, we think the trial court was correct in denying admission of the holographic will into probate since it was not entirely in the handwriting of the decedent. We have previously held that a valid holographic will must be entirely in the testator's handwriting. See *Matter of Estate of Reed*, Wyo., 672 P.2d 829 (1983), wherein we held a tape recording made by the decedent could not be admitted to probate as a valid holographic will since it was not in the decedent's handwriting.

No other prejudicial error has been found in any of appellant's issues, and we conclude the judgment of the district court should be affirmed.

Affirmed.

ROONEY, Justice, concurring.

I concur with that said in the majority opinion. I agree that marks or charges on a holographic will other than in the testator's handwriting invalidates it *only* if made with the knowledge or consent of the testator. Whether or not the knowledge and consent existed is a question of fact. In this case, the fact finder found such to have existed, and there was evidence to support the findings. They were not clearly erroneous or contrary to the great weight of the evidence. *Herman v. Speed King Manufacturing Company*, Wyo., 675 P.2d 1271 (1984); *Scherling v. Kilgore*, Wyo., 599 P.2d 1352 (1979).