Marvin H. PARKER, et al., Appellants,

v.

Aline Ruth Parker HENDERSON,
et al., Appellees.

No. B14–85–451–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 29, 1986.

Rehearing Denied June 26, 1986.

Thomas C. Petley, Houston, for appellants.

E. Troy Blakeney, Houston, for appellees.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a summary judgment interpreting the effect of a simultaneous-death clause in the joint will of William and Lillie Parker, deceased. The trial court considered summary judgment motions by the testators' two surviving sons and by the two children of the testators' third son who predeceased the testators. At issue was certain real property devised to the deceased son. The trial court granted summary judgment awarding that real property interest to the two grandchildren. We reverse and render judgment in favor of the surviving sons.

The facts are undisputed. In 1971, William and Lillie Parker executed a joint will which contained three alternative dispositions of their estate. The first two of the three dispositions were to operate in the event that one spouse survived the other and respectively provided that the survivor could inherit the entirety of the deceased's estate. The third disposition, a simultaneous-death provision, is the focus of this appeal. It reads as follows:

## VI

In the event that both of us, the said Testators, shall die at the same time or as the result of a common accident or catastrophe, (in this regard should the survivor of us die within sixty (60) days after the date of the death of the first of us to pass away, it shall be conclusively presumed for all purposes under this will that we have died by common accident) then in that event we give, devise and bequeath unto our *surviving children of this marriage,* all of our property and estates, of every nature and description, real, personal, and mixed, and wherever situated in fee simple, as follows:

TO DONALD E. PARKER, 28⅓ acres on the east end of our 95 acre tract, to MARVIN W. PARKER the center 33⅓ acre tract with all improvements; and WILLIAM ALFRED PARKER, the west 33⅓ acres. *Our will is that the land be divided equally between our three sons* after deducting five acres heretofore given to DONALD E. PARKER. (emphasis added).

The general testamentary scheme is clear: in the event of a surviving spouse, he or she was to inherit all; however, in the event of simultaneous death, the *surviving* children were to share equally in the estate.

In 1977 the Parkers died within four (4) days of each other from natural causes and were survived by two sons, appellants Marvin and Donald. Their other son, William, died in 1975 and was survived by the appellees, his daughters Aline and Betty.

In its order granting summary judgment, the trial court construed the will as disposing of the tract in the following manner: appellants Marvin and Donald received the east and center sections; and the appellees, by virtue of section 68, the anti-lapse provision of the Probate Code, received an equal share in the western section which was left to their father, William, who died intestate. The trial court did not specify the rules of construction used to reach this disposition. Appellants, in three points of error, complain that the trial court erred in dividing the property in such manner as to include any beneficiaries other than themselves.

█ In reviewing the pertinent section of the will, we must keep in mind the familiar rules governing the interpretation and construction of testamentary instruments. First we note that the testator's intent is the single most important factor in construing a will. *Kelly v. Marlin,* 28 Tex.Sup.Ct.J. 410, 411 (May 11, 1985). All rules of construction must yield to the testator's basic intent and purpose as reflected by the entire instrument. *Welch v. Straach,* 531 S.W.2d 319, 322 (Tex.1975). Furthermore, as both parties agree that the will is unambiguous, the true meaning of the will must be determined by construing the language within the four corners of the instrument. *See generally Lehman v. Corpus Christi National Bank,* 668 S.W.2d 687, 688 (Tex.1984). Therefore, it is our duty to give effect to the intention of the testators as it is expressed in the will. *Corpus Christi National Bank v. Gerdes,* 551 S.W. 2d 521, 523 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.).

Appellees contend that Section VI of the will is inoperative as none of the events specified concerning simultaneous deaths occurred. Appellees argue that the property disposition directed by Section VI would have been triggered if the testators (1) died at the same time, (2) died as the result of a common accident or catastrophe, or (3) died within sixty (60) days *as a result of a common accident or catastrophe.* Appellees conclude that since the testators died

within four days of each other *from natural causes,* the estate should be disposed of pursuant to the intestacy statutes.

We have reviewed the instrument as a whole and are unpersuaded by appellees' analysis. The mere execution of a will creates a presumption that the testator intended to dispose of his entire estate and that he did not intend to die intestate as to the whole or any part of his property. *Shriner's Hospital v. Stahl,* 610 S.W.2d 147, 151 (Tex.1980). Furthermore, if a will is open to two constructions, the interpretation preventing intestacy controls. *Shriner's Hospital, supra; Howard v. McCulley,* 686 S.W.2d 650, 652 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

The key language in the simultaneous-death clause provides that if the surviving spouse dies within sixty (60) days of the deceased spouse, it is to be *presumed* that death was by common accident. The presumption created by this language would be superfulous were appellees' interpretation to be endorsed. It is well settled that a construction that gives effect to all the language of the will is preferred to an interpretation that treats part of the language as superfulous. *Pipkin v. Hays,* 482 S.W.2d 59, 61 (Tex.Civ.App.—Austin 1972, writ ref'd n.r.e.). Therefore, we rule that Section VI *is* operative and we now construe the effect of its terms.

Testators provided in their will that in the event of a simultaneous death, their *estate* was to pass to the *surviving* children of their marriage. They follow this with a specific devise to each son and conclude by stating that the *land* be divided equally between their three sons. The will contains no residuary clause, nor does it provide for the contingency that gives rise to this controversy, a predeceased son. We must construe the will to determine whether the term, surviving children, in the first portion of Section VI mandates that only appellants take under the will despite the

specific devise which names appellees' father.

Appellees, anticipating that an argument advancing intestate distribution would not be adopted, have cited various rules of construction which if followed entitle them to their father's share of the estate. Appellees request that we apply the following rules: (1) a specific devise overrules a general devise, (2) a latter provision overrules an earlier provision, and (3) a construction that gives equal treatment to heirs of the same class is favored. *Stanley v. Henderson,* 139 Tex. 160, 162 S.W.2d 95 (1942); *Dougherty v. Humphrey,* 424 S.W.2d 617 (Tex.1968); *Sinnott v. Gidney,* 322 S.W.2d 507 (Tex.1959). Appellees further urge that the anti-lapse statute is applicable and is additional support for their claim. Tex. Probate Code § 68 (Vernon 1980).[1] Although we find appellees' arguments persuasive, we find a recent Supreme Court case dispositive of the controversy.

In *Perry v. Hinshaw,* 633 S.W.2d 503 (Tex.1982) testator's will contained the following language:

> Upon the death of HATTIE PETERSON, I direct that the real property from which the said HATTIE PETERSON, was receiving the rentals during her life time, be divided *among the surviving* sisters and brothers of myself and beloved husband in the following manner: to my sister, MRS. HATTIE HOHHOF of Chicago, Illinois, one-half (½); and the remaining half to be divided equally, share and share alike, *among the surviving* brothers and sisters of my beloved husband, D.E. HINSHAW, the same being WILLIAM HINSHAW, FANNIE STEELE, COSA FRENSLEY, LUDA JONES, and VERA PERRY share and share alike. (emphasis added.).

*Id.* at 504.

The question in *Hinshaw* was whether Vera Perry, the sole survivor, was entitled

---

1. As a general rule of common law, if a beneficiary of a testamentary disposition dies during the lifetime of the testator, the gift to him is deemed to have failed or lapsed. By statutory exception, however, a legacy or a devise to a descendent will not lapse on the death of the named beneficiary if he is survived by descendants who survive the testator.

to an undivided one-half (½) or one-twelfth (¹⁄₁₂)[2] interest in the property. The court held that because the will contained *words of survivorship*, Vera was entitled to a one-half (½) interest.

Appellees argue that *Hinshaw* is distinguishable in two respects. First, the *Hinshaw* will contained the phrase 'share and share alike' in addition to words of survivorship. Second, the condition of survivorship appeared twice, clarifying any ambiguity as to testator's intent. Although the Parkers' will is not identical to that of Hinshaw, we find is sufficiently analogous to control the construction of the Parkers' testimentary scheme. Of critical import is the fact that the Parkers' will includes words of survivorship. *See also Jensen v. Cunningham*, 596 S.W.2d 266, 271 (Tex. Civ.App.—Corpus Christi 1980, no writ). *Contra Benson v. Greenville National Exchange Bank*, 253 S.W.2d 918 (Tex.Civ. App.—Texarkana 1952, writ ref'd n.r.e.); *Hagood v. Hagood*, 186 S.W. 220, 226 (Tex. Civ.App.—Fort Worth 1916, writ ref'd).

The Supreme Court in *Perry* makes it clear that testamentary words of survivorship will be given their usual meaning: "living beyond the life of another." Such terms of survivorship therefore create no ambiguity as to the testator's intent and will be given effect if clearly expressed in the will. The condition of survivorship must exist in order for the testamentary gift to vest. In the Parker will, the term "surviving children of this marriage" means those who survived beyond the lives of the Parkers'. As such, Marvin and Donald as the only surviving children would each receive one-half of the testators' property. In effect, the survivorship language creates a class gift and the two surviving brothers as sole survivors are entitled to the entire devise. A survivorship condition has been held to be sufficient evidence of the testator's uncertainty as to the number of persons who will ultimately take the gift

so as to satisfy the requirements of a class gift. *Jensen v. Cunningham, supra.*

We are aware that an equally strong case exists for the proposition that the testators' intent was to create individual gifts to each of the three brothers thereby insuring that the grandchildren, appellees, would receive their share under the will by virtue of the anti-lapse statute. Tex.Probate Code § 68 (Vernon 1980). The specific nature of the devise to each of the three brothers as to the real property by naming them and specifying the exact acreage to each—without the survivorship language— would normally indicate that the testators intended individual gifts to the three brothers. Further buttressing this argument is the theory that by the term, "surviving children of this marriage", the testators meant the children "surviving" *at the time the will was executed.* This approach is strengthened by the fact that a colon follows the paragraph containing the survivorship language, indicating that more explanation is to follow. Finally, the following paragraph, in addition to the specific acreage devises to each named son, contains this statement: "Our will is that the land be divided equally between our three sons..." All of these factors are persuasive elements in favor of a testamentary intent to devise individual gifts to each son which would inure to the benefit of appellees as to their deceased father's portion.

However, as an intermediate appellate court, we must defer to the thrust of *Perry v. Hinshaw* and interpret the survivorship language in the Parkers' joint will to reflect its plain and usual meaning: "surviving beyond the life of the testator." We therefore hold that the testamentary estate reflected in the Parkers' joint will is to be distributed one-half each to appellants Donald and Marvin Parker and that the 95-acre tract is to be distributed so that, in addition to the acreage specifically devised to each of them, Donald and Marvin Parker will

**2.** One twelfth (¹⁄₁₂) is the fractional proportion found by the trial court in *Perry v. Hinshaw,* however, there is nothing in the record to determine how that proportion was determined.

There were only five (5) heirs listed in the will and presumably Vera's proportion should have been ¹⁄₁₀. The trial court's fractional determination, however, was not contested on appeal.

each receive one-half of the portion allocated in the will to William Alfred Parker, deceased.

The judgment of the trial court is reversed and judgment is rendered in accordance with this distribution.