**Vera PERRY, Petitioner,**

v.

**Walter HINSHAW, et al., Respondents.**

No. C–986.

Supreme Court of Texas.

April 14, 1982.

Rehearing Denied June 23, 1982.

Kennedy, Minshew, Campbell, Cain & Seidlits, Robert W. Minshew and Jack G. Kennedy, Sherman, David F. Morris, Dallas, for petitioner.

Barlow, Gardner, Tucker & Garsek, James B. Barlow and Gloria I. Rice, Fort Worth, for respondents.

CAMPBELL, Justice.

This is a declaratory judgment suit for construction of the will of Lydia Hinshaw. The will created a life estate in Hattie Peterson to the income from rental property. Vera Perry seeks judgment for fee simple title to all the rental property under the following paragraph:

THIRD: Upon the death of HATTIE PE-TERSON, I direct that the real property

from which the said HATTIE PETER-SON, was receiving the rentals during her life time, be divided among the surviving sisters and brothers of myself and my beloved husband in the following manner: to my sister, MRS. HATTIE HOHHOF of Chicago, Illinois, one-half (½); and the remaining half to be divided equally, share and share alike, among the surviving brothers and sisters of my beloved husband, D. E. HINSHAW, the same being WILLIAM HINSHAW, FANNIE STEELE, COSA FRENSLY, LUDA JONES, and VERA PERRY, share and share alike.

Vera Perry is the sole survivor. Hattie Hohhof died in 1965. Lydia Hinshaw died in 1976. Hattie Peterson, the sole residuary legatee of the will, died in 1978. John L. Wilson and Methe Wilson are Hattie Peterson's sole residuary legatees.

Vera Perry contends she is entitled to the entire rental property as sole survivor of a class consisting of the brothers and sisters of both Lydia Hinshaw and her husband, D. E. Hinshaw.

The trial court rendered judgment that: specific devises were intended; all but Vera Perry's specific devise lapsed and passed to Hattie Peterson through the residuary clause; John L. Wilson and Methe Wilson were entitled to $^{11}/_{24}$ths undivided interest in the rental property; and Vera Perry was entitled to $^{1}/_{12}$th undivided interest in the rental property.[1] The court of appeals affirmed. 625 S.W.2d 751 (Tex.App.). We reverse the judgment of the court of appeals.

Vera Perry contends the will's statement the property is to be "divided among the surviving sisters and brothers of myself and my beloved husband" creates a class gift. We disagree. The statement is merely a general statement clarified by the more specific disposition which follows, devising ½ of the rental property to her sister and ½ to her husband's surviving brothers

---

1. We are unable to determine how the trial court calculated the fractional division of the property.

and sisters. The specific provisions control over the general statement. *Stanley v. Henderson*, 139 Tex. 160, 163, 162 S.W.2d 95, 97 (1942).

The court of appeals held that if the will designates the beneficiaries by name and also describes the named beneficiaries as a class, the gift is one specifically to the named beneficiaries, the class description being added merely by way of identification. As authority for this holding, the court cited *Benson v. Greenville Nat'l Exchange Bank*, 253 S.W.2d 918, 924 (Tex.Civ. App.—Texarkana 1952, writ ref'd n.r.e.) and *Hagood v. Hagood*, 186 S.W. 220, 226 (Tex.Civ.App.—Fort Worth 1916, writ ref'd).

The cases relied on by the court of appeals are distinguishable from this case. Those cases do not involve a disposition using words of survivorship. In *Benson*, the devise was "to be equally divided among the [previously named] four sons of [my sister]." This was held to be a specific devise.

In *Hagood*, the devise was "to my beloved brothers, R. B. Hagood and R. L. Hagood." The testator, however, had other brothers. R. L. predeceased the testator. R. B. contended the language created a class gift resulting in his taking the entire bequest as sole survivor of the class. The court recognized if that result were intended, "it would have been easy to have provided for the contingency [of one brother predeceasing the testator] by inserting terms of survivorship." 186 S.W. at 226. *See Wilkes v. Wilkes*, 488 S.W.2d 398, 403 (Tex.1972); Annot., 54 A.L.R.3d 280 (1973).

Lydia Hinshaw's will contains words of survivorship. Clearly, Vera Perry, as sole survivor of the brothers and sisters of D. E. Hinshaw, is entitled to an undivided ½ interest in the rental property. The fact Lydia Hinshaw named her husband's brothers and sisters and also referred to them in terms of a class creates no ambiguity which would force this Court to resort to rules of construction. Any ambiguity is avoided by the clause: "share and share alike, among the surviving brothers and sisters." *See Estate of Carlson v. Carlson*, 39 Ill.App.3d 281, 350 N.E.2d 306, 308–09 (Ill.App.Ct.1976); *Waugh v. Poiron*, 315 Ill. App. 78, 42 N.E.2d 138, 140 (1942). Where the testator's intent is clear, we need not resort to artificial rules of construction. *Arrington v. McDaniel*, 14 S.W.2d 1009, 1011 (Tex.Comm'n App.1929, jdgm't adopted).

Vera Perry is entitled to an undivided ½ interest in the rental property. The remaining ½ devised to Hattie Hohhof lapsed, passed to the residuary legatee Hattie Peterson, then passed to John L. Wilson and Methe Wilson, the sole residuary legatees of Hattie Peterson. The judgment of the court of appeals is reversed and judgment rendered that Vera Perry recover an undivided ½ interest, and John L. Wilson and Methe Wilson recover an undivided ½ interest, in the rental property owned by Lydia Hinshaw at the time of her death.