**Webster GREGG and Lillian G. Kerley, Appellants,**

v.

**Clara JONES, Appellee.**

No. 04–84–00131–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 30, 1985.

Rehearing Denied Nov. 22, 1985.

W. Sale Lewis, Benjamin H. Hathaway, Hathaway & Davis, Austin, for appellants.

Patsy Cheyney, San Antonio, for appellee.

Before CADENA, C.J., and CANTU and TIJERINA, JJ.

OPINION

CANTU, Justice.

This is an appeal from the denial of a bill of review seeking to set aside an order entered by the probate court of Bexar County, Texas. Clara Jones, appellee and the proponent of the will below, is the mother of the testatrix, Lillian Camper Gregg. Appellee offered the will of Lillian Camper Gregg for probate as a muniment of title, and on February 11, 1981, the will was so admitted. The probate court entered an order that Clara Jones was the sole heir and legatee under the will.

Appellants, Webster Gregg and Lillian G. Kerley, the brother and niece respectively of Lillian Camper Gregg's deceased husband, Samuel Gregg, learned of the probate proceeding sometime later, and filed a bill of review assailing the prior order admitting the will to probate. Following a hearing on September 26, 1983, the court declared the order of February 11, 1981 null and void. A revised order was entered, again admitting the will to probate as a muniment of title, and naming Clara Jones as sole legatee and devisee.

Appellants raise two points of error. The first alleges that the trial court erred in finding that appellants are not class beneficiaries under the terms of the will. The second point alleges the trial court erred in finding that the bequest to Samuel Gregg lapsed so that the estate of Lillian Camper Gregg passed to appellee under the laws of descent and distribution.

The disputed residuary clause of the will provides in pertinent part:

All the rest, residue and remainder of my estate, after the payment of my just debts, including last sickness and funeral

expenses, of every kind and nature, and wherever situated that I may own at the time of my death, or over which I shall then have any power of appointment or diposition, I give, devise and bequeath unto my beloved husband, Samuel Gregg and any children that might survive me, *or the survivors or survivor of them,* in fee, subject to the life estate provided for my beloved mother, Clara Jones, above mentioned to share and share alike; .... [Emphasis added.]

Samuel Gregg predeceased Lillian Camper Gregg. They had no children. Appellants argue that the estate of Lillian Camper Gregg vested in the surviving heirs of Samuel Gregg, as a class, and that appellants are the sole members of that class.

The trial court determined that the residuary clause of the will should be construed as a devise and bequest to a class specifically designated as the husband of Lillian Camper Gregg and any children that might survive Lillian Camper Gregg or the survivor or survivors of them. The court then concluded that appellants were not class beneficiaries nor the legal heirs of Lillian Camper Gregg, and were thus entitled to take nothing by their petition for bill of review. The court found that the residuary gift to Samuel Gregg or surviving children lapsed, and under the laws of descent and distribution Clara Jones, as Lillian Camper Gregg's sole surviving heir, took by intestacy.

Appellants allege that the court misconstrued the will in that "survivors or survivor of them" refers to survivors of Samuel Gregg and/or survivors of the children of Samuel and Lillian Camper Gregg. They contend that as survivors of Samuel Gregg, they are members of the class designated to take under the residuary clause. Appellants assert that the wording in the will presents an ambiguity, and that ambiguities are to be construed to prevent intestacy and follow the intentions of the testatrix. Evidence was presented at trial that Lillian Camper Gregg told appellants that they would be "fixed up" in the will, which

was alleged to mean given the testatrix's property.

All rules of [will] construction must yield to the basic intention and purpose of the testator as reflected by the entire instrument. The intent of the testator, however, must be ascertained from the language used within the four corners of the instrument. The question is not what the testatrix intended to write, but the meaning of the words she actually used.

*Shriner's Hospital for Crippled Children of Texas v. Stahl,* 610 S.W.2d 147, 151 (Tex.1980) (citations omitted).

"Survivors or survivor of them" clearly refers to the members of the class as set out in the will—Samuel Gregg and any children of Lillian Camper Gregg. Thus, whichever of the class members was alive at the death of Lillian Camper Gregg would receive an equal share of the residuary estate. Generally, gifts to class members lapse and become part of the residuary estate if a member of the class fails to survive the testatrix. The language "survivors or survivor of them" was intended to prevent this situation. Thus, if Samuel Gregg or a child of Lillian Camper Gregg predeceased the testatrix, that member's share would go to the surviving class members, not to survivors of the class members. *Hagood v. Hagood,* 186 S.W. 220 (Tex.Civ.App.—Fort Worth 1916, writ ref'd).

Appellants urge us to interpret survivors as heirs. We decline to adopt such an interpretation. A survivor is one of two or more persons who lives after the death of the other or others. BLACK'S LAW DICTIONARY 1297 (5th ed. 1979). *See also Caognard v. Tarnke,* 202 S.W. 221 (Tex. Civ.App.—Dallas 1918, no writ).

As Samuel Gregg predeceased the testatrix, and there were no children, there were no survivors of the class. Therefore, the gift lapsed. As there can be no residue of a residue, the residuary estate must pass by intestacy. *Estate of O'Hara,* 549 S.W.2d 233 (Tex.Civ.App.—Dallas 1977, no writ). The trial court correctly held that

appellee, as the sole heir of Lillian Camper Gregg, takes the entire estate under the laws of descent and distribution.

Appellants' points of error are overruled. The judgment of the probate court is affirmed.