**Aline Ruth Parker HENDERSON, Administratrix, Petitioner,**

v.

**Marvin N. PARKER et al., Respondents.**

**No. C–5584.**

Supreme Court of Texas.

May 6, 1987.

E. Troy Blakeney, Blakeney, Bourque & Squier, Houston, for petitioner.

Victor N. Makris, Thomas C. Petley and Shannon T. Warren, Makris, Petley & Warren, Houston, for respondents.

## OPINION

RAY, Justice.

This is a will construction case requiring a determination of the testators' intent regarding the disposition of certain real property. The trial court granted summary judgment awarding the real property to Aline Ruth Parker Henderson and Betty Sue Parker Prollock. The court of appeals reversed the judgment of the trial court and rendered judgment awarding the property to petitioner's uncles, the respondents, Donald and Marvin Parker. 712 S.W.2d 224. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

In 1971, William and Lillie Parker executed a joint will containing three alternative dispositions of their estate. The first two dispositions were to operate in the event one spouse survived the other and devised the entirety of the deceased's estate to the survivor. The third disposition, which is the subject of this appeal, provides as follows:

> In the event that both of us, the said Testators, shall die at the same time or as the result of a common accident or catastrophe, (in this regard should the survivor of us die within sixty (60) days after the date of the death of the first of us to pass away, it shall be conclusively presumed for all purposes under this will that we have died by common accident) then in that event we give, devise and bequeath unto our surviving children of this marriage, all of our property and estates, of every nature and description, real, personal, and mixed, and wherever situated, in fee simple, as follows:
>
> TO DONALD E. PARKER 28⅓ acres on the east end of our 95 acre tract, to MARVIN N. PARKER the center 33⅓ acre tract with all improvements; and WILLIAM ALFRED PARKER the west 33⅓ acres. Our will is that the land be divided equally between our three sons

after deducting five acres heretofore given to DONALD E. PARKER.

In 1977 the Parkers died within four (4) days of each other from natural causes. They were survived by two sons, respondents Donald and Marvin. The testators' third son, William, predeceased the testators and was survived by two daughters, Aline and Betty.

The trial court granted the sisters' motion for summary judgment and rendered judgment dividing the property as follows: Donald and Marvin received the east and center sections; Aline and Betty, by virtue of section 68 of the Probate Code (antilapse provision), each received an equal share in the western section which was devised to their father, William, who died intestate. The court of appeals reversed the judgment of the trial court and rendered judgment dividing the property equally between Donald and Marvin. The court of appeals reasoned that the survivorship language created a class gift and held that the two surviving brothers, as sole survivors, were entitled to the entire devise.

Petitioner, Aline, contends the court of appeals erred in construing the will as creating a class gift. She argues that the testators' intent as expressed in the will was to create individual gifts to each of the three brothers. Although William predeceased the testators, the specific devise to him did not lapse but instead vested in his children, Aline and Betty.

■ Resolution of this dispute depends on how the testators' intended to dispose of their property. *Kelley v. Marlin*, 714 S.W.2d 303, 305 (Tex.1986). Because testamentary intent is the critical inquiry in will construction cases, we must first look to the language used by the testators within the four corners of the instrument. *Shriner's Hospital for Crippled Children of Texas v. Stahl*, 610 S.W.2d 147, 151 (Tex.1980). Neither party contends the will is ambiguous, although both offer differing constructions based on the same language. In the absence of ambiguity, we must construe the will based on the express language used. *Frost National Bank of San Antonio v. Newton*, 554 S.W.2d 149, 153 (Tex.1977).

■ Donald and Marvin Parker contend the language devising the property to the "surviving children of this marriage" is evidence of the testators' intent to create a class gift. We disagree. The provision is merely a general statement clarified by the more specific disposition which follows, devising specific acreage to each of the three brothers. The specific provisions control over the general statement. *Perry v. Hinshaw*, 633 S.W.2d 503, 505 (Tex.1982). Additionally, the last sentence of the paragraph in question states: "Our will is that the land be divided equally between our three sons...." As the last expression of the testators' intent regarding the devise, such statement evidences an intent to devise specific gifts to each son which would inure to the benefit of the sisters as to their deceased father's share.

■ Mindful of the emphasis placed by the court of appeals on the survivorship language and on *Perry v. Hinshaw*, we are nevertheless of the opinion that the testators did not intend to create a class gift. In *Perry v. Hinshaw* we construed a will provision similar to the one before us: the relevant paragraph contained a general statement ending with a colon; following the colon was a more specific statement of the devise. The testator included words of survivorship in both the general and specific provisions, thus clarifying the nature of the disposition. Such is not the case with the Parkers' will. The only words of survivorship in the relevant paragraph of the Parkers' will appear in the general statement preceeding the more specific and controlling provision. Because a testator's intent is determined as of the time the will is executed, we read the phrase "surviving children of this marriage" to mean children "surviving" at the time the will was executed. *Winkler v. Pitre*, 410 S.W.2d 677, 679 (Tex.Civ.App.—San Antonio 1966, writ ref'd n.r.e.). The absence of survivorship language in the subsequent, more specific provision supports such a construction.

We therefore reverse the judgment of the court of appeals and affirm the judgment of the trial court.