Nadine WHITE and Dora Jean
Cantrell, Appellants,

v.

James Dewey MOORE et al., Appellees.

No. 11–87–067–CV.

Court of Appeals of Texas,
Eastland.

March 31, 1988.

Rehearing Denied April 14, 1988.

Gerald Huffaker and Calloway Huffaker, Huffaker, Green & Huffaker, Tahoka, for appellants.

Forrest Bowers, Lubbock, for appellees.

ARNOT, Justice.

This is a summary judgment case. Mattie Lou Moore died on July 8, 1976, and her will was probated on August 3, 1976. On March 20, 1986, Nadine White (granddaughter of the testatrix) and Dora Jean Cantrell (great-granddaughter of the testatrix) filed suit seeking a declaratory judgment that they were entitled to an undivided one-sixth interest in the estate of the testatrix and seeking an accounting, closing, and distribution of the estate. James Dewey Moore, Lester Moore, Ruby Moore Eades, Carl Raymond Moore, and Cecil E. Moore (the testatrix' surviving children at the time of her death) moved for summary judgment. The trial court granted the summary judgment, holding that White and Cantrell were not beneficiaries, devisees, or legatees under the will. White and Cantrell appeal. We affirm.

The second paragraph of the testatrix' will reads as follows:

> I hereby give, devise and bequeath all of my property, real, personal and mixed to my six children, viz: Herman, Dewey, Ruby, Lester, Carl and Cecil and to the survivor or survivors of them at the time of my death, share and share alike, in fee simple.

Herman Moore predeceased the testatrix, and appellants are his lineal descendants.

In six points of error, appellants argue that the testatrix' intent was that each of her children inherit individually. Appellants contend that through the language, "and to the survivor or survivors of them," the testatrix intended that the heirs of any children who predeceased her should inherit. Had she intended to exclude the heirs of her predeceased children, appellants argue the testatrix would have used the disjunctive "or" instead of the conjunctive "and" in the language *"and* to the survivor or survivors of them." (Emphasis added) Appellants also contend that the language "to my six children" was added merely for identification purposes. Appellees respond by arguing that the testatrix' intent was that her children inherit as members of a class, not individually. Since he predeceased the testatrix, appellees argue Herman Moore was not a member of the class which was determined at the time of the testatrix' death.

Even though they insist on different interpretations, the parties agree that the language in the will is unambiguous. Absent ambiguity, the will must be construed based on the express language used within the four corners of the will and not on extraneous writings which are not part of the will. *Henderson v. Parker*, 728 S.W.2d 768 (Tex.1987); *Odeneal v. Van Horn*, 678 S.W.2d 941 (Tex.1984); *Shriner's Hospital for Crippled Children of Texas v. Stahl*, 610 S.W.2d 147 (Tex.1980); *Frost National Bank of San Antonio v. Newton*, 554 S.W.2d 149 (Tex.1977). The testatrix' intent is the single most important factor in construing her will. *Kelley v. Marlin*, 714 S.W.2d 303 (Tex.1986). A devise to a beneficiary who predeceases the testatrix will lapse unless the will contains language of survivorship or the anti-lapse statute, TEX.PROB. CODE ANN. sec. 68 (Vernon 1980), applies. *Block v. Edge*, 608 S.W.2d 340 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ); *Jensen v. Cunningham*, 596 S.W.2d 266 (Tex.Civ.App.—Corpus Christi 1980, no writ); *Swearingen v. Giles*, 565 S.W.2d 574 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.). The will in the

present case contains language of survivorship, and the anti-lapse statute is not applicable.

The devise in question contains specific words of survivorship: "to my six children ... and to the survivor or survivors of them at the time of my death." These words clearly refer to the specifically named children who "survived" the testatrix. We disagree with appellants' argument that the clear intent by the use of the conjunctive "and" was that surviving children and surviving descendants of predeceased children would inherit. We note that in the cases reviewed in 54 A.L.R.3rd 280 (1974) (on which appellants rely to support their position) writings extraneous to the wills or additional language other than the devises in question were relied on to interpret the testator's intent. We hold that the testatrix' clear intent, from the four corners of the will, was that her children who were living at the time of her death should inherit. Survivorship then was a requirement to inherit. See *Henderson v. Parker,* supra; *Perry v. Hinshaw,* 633 S.W.2d 503 (Tex.1982).

Herman Moore predeceased the testatrix and, therefore, did not qualify to inherit under the second paragraph of her will. Appellants' points of error are overruled.

The judgment of the trial court is affirmed.