Nadine WHITE and Dora Jean Cantrell, Petitioners,

v.

James Dewey MOORE et al., Respondents.

No. C–7468.

Supreme Court of Texas.

Sept. 21, 1988.

Rehearing Denied Dec. 14, 1988.

Calloway Huffaker, Huffaker, Green & Huffaker, Tahoka, for petitioners.

Forrest Bowers, Lubbock, for respondents.

SPEARS, Justice.

This is a will construction case. Mattie Moore died testate in 1976. Her will provided in pertinent part:

> I hereby give, devise and bequeath all of my property, real, personal and mixed to my six children, viz: Herman, Dewey, Ruby, Lester, Carl and Cecil and to the survivor or survivors of them at the time of my death, share and share alike....

Mattie was predeceased by her son Herman, whose daughter (Nadine) and granddaughter (Dora Jean) are petitioners in our court.[1] Dewey and the other siblings survived Mattie and are the respondents before us. The trial court rendered summary judgment declaring that Nadine and Dora were entitled to nothing under Mattie's will, and the court of appeals affirmed. 747 S.W.2d 573. We reverse the judgments below and remand this cause for trial.

The parties disagree as to the effect of the quoted provision from Mattie's will. Nadine and Dora Jean contend that the words unambiguously express Mattie's intent that the heirs of predeceasing children, such as Herman, should take under Mattie's will. Dewey and his siblings contend that the will created a class gift and that only Mattie's children who survived her are entitled to take under the will. Despite the parties' agreement that the will is unambiguous as a matter of law, we conclude otherwise and therefore reverse the summary judgment. *See Coker v. Coker*, 650 S.W.2d 391 (Tex.1983).

The parties have not cited (nor have we found) any Texas case deciding the effect of language such as that used in Mattie's will. Both sides discuss *Henderson v. Parker*, 728 S.W.2d 768 (Tex.1987), and *Perry v. Hinshaw*, 633 S.W.2d 503 (Tex.1982), but the testamentary language considered in those cases is materially different from the provision at issue in Mattie's will. Although *Henderson* and *Perry* do not decide the case before us, they nevertheless provide general rules of construction which guide us in resolving this dispute.

As in all will construction cases, the primary issue is how the testator intended to dispose of the property. *Henderson*, 728 S.W.2d at 768. It is also settled that words of survivorship can modify what would otherwise constitute specific gifts to named beneficiaries. *Perry*, 633 S.W.2d at 505.

In the case before us, Mattie's will leaves all of her property to "my six children, viz: [naming them] and to the survivor or survivors of them at the time of my death, share and share alike ..." (emphasis added). We cannot hold, as a matter of law, that this language unambiguously expresses an intention by the testator to disinherit her grandchildren under the will. It is arguable that acceptance of Nadine and

---

1. Herman was actually survived by two children: Nadine and a son, Leon, who was Dora Jean's father. In their application to this court, Nadine and Dora Jean represent that they now own Leon's interest (if any) in Mattie's estate.

Dora Jean's argument would require us, in effect, to interpret "survivors" as "heirs," an interpretation which one Texas court has expressly declined to adopt. *Gregg v. Jones*, 699 S.W.2d 378, 379 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.). However, we are not accepting Nadine and Dora Jean's arguments as entitling them to recover *as a matter of law*. We merely hold that the language in question is so ambiguous and uncertain in meaning as to require a trial on the issue of Mattie's intent in using the language she used.

In light of our judgment of reversal, it is necessary to address an additional issue. *If* Mattie in fact intended to devise her property to a class, i.e., only her surviving children, would that intent be overridden in Nadine and Dora Jean's favor by the Texas antilapse statute, Tex.Prob.Code Ann. § 68 (Vernon 1980)?

This statute provides:

Where a testator shall devise or bequeath an estate or interest of any kind by will to a child or other descendant of such testator, should such devisee or legatee, during the lifetime of such testator, die leaving children or descendants who shall survive such testator, such devise or legacy shall not lapse by reason of such death, but the estate so devised or bequeathed shall vest in the children or descendants of such legatee or devisee in the same manner as if he had survived the testator and died intestate.

The decision of the court below states that the statute does not apply. 747 S.W.2d at 575. That statement, however, is inconsistent with at least one reported decision stating, albeit in dictum, that the Texas antilapse statute is "applicable to gifts to a class the same as to an individual." *Burch v. McMillin*, 15 S.W.2d 86, 91 (Tex.Civ.App.—Eastland 1929, no writ). Our court has not yet decided the issue. *See generally* Annotation, *Applicability of Antilapse Statutes to Class Gifts*, 56 A.L.R.2d 948 (1957).

■ We hold that our statute does not override survivorship provisions intended as such, and we hereby disapprove *Burch v. McMillin* to the extent it conflicts with

this opinion. Tex.Prob.Code Ann. § 68 (Vernon 1980). Our statute makes no express provision for its application *vel non* to a situation in which the testator intended only surviving class members to take under the will. By contrast, the antilapse provision proposed by the National Conference of Commissioners on Uniform State Laws expressly applies to prevent a lapse in the class gift situation:

If a devisee who is a grandparent or a lineal descendant of a grandparent of the testator is dead at the time of execution of the will, fails to survive the testator, or is treated as if he predeceased the testator, the issue of the deceased devisee who survive the testator by 120 hours take in place of the deceased devisee and if they are all of the same degree of kinship to the devisee they take equally, but if of unequal degree than [sic] those of more remote degree take by representation. *One who would have been a devisee under a class gift if he had survived the testator is treated as a devisee for purposes of this section whether his death occurred before or after the execution of the will.*

Uniform Probate Code § 2–605, 8 U.L.A. 144 (1983) (emphasis added). If the Texas Legislature had intended for the antilapse statute to apply to class gifts, it could easily have inserted language to that effect.

We perceive no statutory basis in Texas for holding that a testator may not validly require survivorship as a condition to taking under his will, even if the class devisees would otherwise come within the coverage of section 68 of the Texas Probate Code. Furthermore, we find no public policy interest sufficient to invalidate survivorship provisions so intended.

In summary, we hold that summary judgment was improper because the terms of Mattie's will are ambiguous. We further hold that the quoted provisions from Mattie's will, if in fact intended as a class gift, should be given effect as such. The judgments below are reversed, and this

cause is remanded for trial in accordance with this opinion.

KILGARLIN, J., dissents joined by RAY and MAUZY, JJ.

KILGARLIN, Justice, dissenting.

I respectfully dissent. While the will in question is poorly drafted, I do not believe it is ambiguous. Mattie's will left "all of my property ... to my six children, viz: [naming them] and to the survivor or survivors of them at the time of my death, share and share alike...." Logically, the word "them" refers to Mattie's six named children, and "survivor or survivors ... at the time of my death" cannot have any legal significance but that Mattie intended only the named children who survived her to take under the will. Otherwise, "survivor(s)" could conceivably include grandchildren, spouses, etc. *See Gregg v. Jones,* 699 S.W.2d 378, 379 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.) (rejecting interpretation of "survivors" synonymous with "heirs").

I further dissent on procedural grounds from the court's decision to reverse the summary judgment. The issue of ambiguity was never presented in writing to the trial court and therefore cannot properly be considered on appeal as grounds for reversal. Tex.R.Civ.P. 166a(c). Even if Mattie's will were ambiguous, the trial court's action in granting summary judgment surely would not constitute fundamental error.

For the reasons stated, I would affirm the judgment of the court of appeals.

RAY and MAUZY, JJ., join in this dissenting opinion.