Louise MARTINO, Appellant,

v.

Keller MARTINO, Anne Marie Tinerella, Nuncio J. Martino, and Carol M. Cashiola, Appellees.

No. 14–99–01057–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 21, 2000.

Rehearing Overruled Jan. 25, 2001.

Michael C. O'Connor, Houston, Stanley M. Johanson, Austin, for appellants.

John Henry Marshall, Houston, for appellees.

Panel consists of Chief Justice MURPHY and Justices MAURICE AMIDEI and HUDSON.

## OPINION

MURPHY, Chief Justice.

This is an appeal from a summary judgment, wherein the trial court found that the will of Anthony N. Martino gave Frank Martino a vested remainder which lapsed in favor of certain appellees. Appellant, Louise Martino, in her sole point of error, complains that the trial court erred in implying a condition of survival on the vested remainder interest of Frank Martino. We disagree.

On September 13, 1971, Anthony Martino ("Anthony") died at the age of 67. Anthony was survived by his wife, Nina Martino ("Nina"), three brothers, Vincent Martino ("Vincent"), Frank Martino ("Frank"), and Keller Martino ("Keller"), and a sister Annie Tinerella ("Annie"). Anthony's will, executed in 1961 and probated in 1971, left a life estate in his wife Nina, and then provided:

> Upon the death of my wife, and in this event only, I give, bequeath and devise all the rest, residue and remainder of my said estate and property to my brothers and sister in equal shares. However, should any of my brothers or sister predecease me, and/or my wife, his or her share of the residue and remainder of my estate, if any, shall devise and descend to his or her child or children.

Nina died on May 21, 1998. Two of Anthony's brothers, Vincent and Frank, predeceased Nina. Vincent was survived by his children Nuncio Martino ("Nuncio") and Carol Cashiola ("Carol"). Frank, survived by his wife and appellant, Louise Martino, however, was not survived by any children. The trial court held in its order granting summary judgment "that upon the death of Frank Martino prior to the death of Nina Martino and without leaving a surviving child, his vested one-fourth interest in the remainder interest of the life estate was divested from him and reallocated equally to Keller Martino, Vincent Martino and Anne Marie Tinerella...." Further, the trial court found "that upon the death of Vincent Martino, his vested one-third interest in the remainder interest of the said life estate was divested from him and allocated equally to his surviving children, Nuncio J. Martino and Carol M. Cashiola...."

We begin by recognizing that this Court's interpretation of any will is

governed by the intent of the testator. *McGill v. Johnson*, 799 S.W.2d 673, 674 (Tex.1990); *Turner v. Adams*, 855 S.W.2d 735, 738 (Tex.App.—El Paso 1993, no writ). "Intent is 'determined by the language employed in the conveyance, read as an entirety and in light of the circumstances of its formulation.'" *Turner*, 855 S.W.2d at 738 (quoting *Rust v. Rust*, 147 Tex. 181, 211 S.W.2d 262, 266 (1948)). Moreover, we will construe remainders to vest at the earliest possible time, unless a contrary intention is expressed by the testator. *Wilkes v. Wilkes*, 488 S.W.2d 398, 401 (Tex.1972).

Both sides agree that the language of Anthony's will created a vested remainder subject to divestment. The dispute arises as to when that divestment occurs. Appellant argues that divestment only occurs when a brother or sister dies before the life tenant, survived by children. The trial court, however, stated in its summary judgment order "that each brother or sister would have to survive Nina Martino or leave a child or children who survived Nina Martino." We agree with the conclusion of the trial court.

■ "A devise constitutes a class gift when it grants property to a group of persons 'bearing a certain relationship to the testator or to each other.'" *Deviney v. NationsBank*, 993 S.W.2d 443, 449 (Tex. App.—Waco 1999, pet. denied) (quoting *Wilkes v. Wilkes*, 488 S.W.2d 398, 403 (Tex.1972)). Additionally, a class gift must be to a class uncertain in number at the time of the gift. *Wilkes*, 488 S.W.2d at 403; *Deviney*, 993 S.W.2d at 449. This requirement of uncertainty is satisfied by the possibility that the number of the class may decrease in the future. *Deviney*, 993 S.W.2d at 449. In our present case, we have a class gift to Anthony's "brothers and sister" because the class could have decreased before Anthony's death. *See id.* at 450.

■ Generally, the share of a class member who predeceases the testator lapses in favor of the surviving class members. *Turner v. Adams*, 855 S.W.2d 735, 740 (Tex.App.—El Paso 1993, no writ); *Gregg v. Jones*, 699 S.W.2d 378, 379 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.). Moreover, if the class member survives the testator, but fails to survive to the date of distribution, the deceased class member's share passes through his estate. *Turner*, 855 S.W.2d at 740.

■ If Anthony intended the residuary estate to go to his brothers or sister, or their estates, he would not have included the following language: "However, should any of my brothers or sister predecease me, and/or my wife, his or her share of the residue and remainder of my estate, if any, shall devise and descend to his or her child or children." Anthony's will provided for the substitution of class members deceased at the time of distribution. This substitution indicates that Anthony did not wish that the devise should pass through the deceased class member's estate. Accordingly, "'it should be presumed, in the absence of contrary indication, that the donor who provides for substitution of issue intends that the share of the class members be enlarged if a class member fails to survive to the date of issue and leaves no issue who so survive.'" *Turner v. Adams*, 855 S.W.2d 735, 740 (Tex.App.—El Paso 1993, no writ) (quoting Restatement (Second) of Property § 27.3 cmte. (1987)). Thus, although Frank's interest vested at Anthony's death, the survivorship clause provides that the share of a deceased class member lapses in favor of the other class members. *See id.*

Appellant contends that this result is contrary to the decision of the Texas Supreme Court in *McGill v. Johnson*. We disagree. While the language used in the holding of *McGill*, "that Hall's remainder interest was not defeated by her death without lineal descendants" seems to support appellant's position, a detailed examination of the facts reveals that the language "without lineal descendants" amounts to nothing more than dicta.

The testator in *McGill* left a will that provided, in part, that if his son lived to the age of forty and did not have a living child, a remainder interest in the estate would pass to the testator's sisters, and if they were deceased, to their lineal descendants. 799 S.W.2d at 674–75. The Texas Supreme Court determined that this condition was to be triggered only if a sister died before the testator's son reached forty. *Id.* at 676. Since the testator's sister did not die until after the testator's son had reached forty, the condition was not triggered. *Id.* Thus, the issue of who takes under the will when the testator's sister dies without lineal descendants was not before the court. The Texas Supreme Court correctly determined that because the testator's sister died after the testator's son turned forty, and no condition subsequent was triggered, the testator's sister's remainder interest passed under her will. *Id.* at 677.

Accordingly, appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.