OPINION

 

No. 04-10-00618-CV

 

Randolph Coleman, Individually and as
Independent Executor of the Last Will and Testament of Randolph M. Coleman,
Jason G. Coleman, Courtney P. Cody, and Jonathon Coleman,

Appellants

 

v.

 

Betty Dowlearn Coleman, Individually and as
Independent Executrix of the Last Will and Testament of Randolph M. Coleman,

Appellee

 

From the Probate
Court No. 2, Bexar County, Texas

Trial Court No. 2005-PC-2630

Honorable Tom
Rickhoff, Judge Presiding

 

Opinion by:   Rebecca Simmons, Justice

 

Sitting:                     Phylis J. Speedlin, Justice

                     Rebecca
Simmons, Justice

                     Steven
C. Hilbig, Justice

 

Delivered and
Filed:  May 11, 2011

 

AFFIRMED

 

Randolph O. Coleman, Jason Coleman, Courtney Cody,
and Jonathan Coleman (the Colemans) appeal the trial court’s order granting
Appellee Betty Coleman’s motion for partial summary judgment and denying the
Colemans’ competing motion for partial summary judgment.  The Colemans argue
that the trial court misconstrued the Last Will and Testament of Randolph M.
Coleman (Randolph) and abused its discretion in excluding their summary
judgment evidence.  We affirm the trial court’s judgment.  

Background

When he died Randolph
owned several mineral interests, one of which was in three tracts of land in
Crockett County, Texas.  The mineral interest was leased to Occidental
Petroleum, Inc. (Oxy), which operates the wells.  These tracts are included in
Oxy’s “South Cross Unit,” which is a consolidation of producing mineral
interests.[1] 
Oxy was making payments to Randolph on the three wells that were producing when
he died.  The parties’ dispute centers on the disposition of this mineral
interest.  

Randolph bequeathed to
Betty, his fourth wife, a life estate in his mineral interest in Crockett
County.  The bequest reads: “I give all of my interest in the Crockett County,
Texas, mineral interest that Occidental Permian Ltd. is presently making
payments to me on under owner number 250-061596, to my wife, Betty Dowlearn
Coleman for the term of her life . . . .”  After Randolph died,
additional wells were drilled pursuant to the leases of Randolph’s mineral
interest, and Betty received the royalties from those wells.  

The Colemans, including
Randolph’s children and grandchildren from his prior marriages, filed suit
against Betty in probate court in Bexar County, challenging her claim to the
royalties from the new wells.  They sought a declaratory judgment that
construed the bequest as not including the rights to royalties from wells
drilled after Randolph’s death.  Betty counterclaimed, seeking a declaratory
judgment that she was entitled to those royalties.[2]  The
trial court granted Betty’s motion and denied the Colemans’ motion.[3]  

Standard of Review

           We review a declaratory
judgment under the same standards as other judgments.  Tex. Civ. Prac. & Rem. Code Ann. § 37.010 (West 2008).  When
both parties move for partial summary judgment, and the trial court grants one
motion and not the other, we review both parties’ summary judgment evidence,
determine all questions presented, and render the judgment that the trial court
should have rendered.  Mann Frankfort Stein & Lipp Advisors, Inc. v.
Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  A party moving for
summary judgment must show that no genuine issue of material fact exists and
that the party is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Randall’s
Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995); Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  Construction of an
unambiguous will is a matter of law, which we review de novo.  Steger v.
Muenster Drilling Co., 134 S.W.3d 359, 373 (Tex. App.—Fort Worth 2003, pet.
denied); Penland v. Agnich, 940 S.W.2d 324, 326 (Tex. App.—Dallas 1997,
no writ).

Discussion

Our primary objective in construing
a will is to determine the testator’s intent.  Shriner’s Hosp. for Crippled
Children of Tex. v. Stahl, 610 S.W.2d 147, 151 (Tex. 1980); Gregg v.
Jones, 699 S.W.2d 378, 379 (Tex. App.—San Antonio 1985, writ ref’d n.r.e.).
 We must ascertain his intent from the normal, usual, and legal meaning of the
words found within the four corners of the will.  Stahl, 610 S.W.2d at
151; Williams v. Smith, 146 Tex. 269, 280, 206 S.W.2d 208, 214 (1947).  “A
will should be so construed as to give effect to every part of it, if the
language is reasonably susceptible of that construction. . . .  The testator
will not be presumed to have done a useless thing.”  Morriss v. Pickett,
503 S.W.2d 344, 347 (Tex. Civ. App.—San Antonio 1973, writ ref’d n.r.e.)
(citing Republic Nat’l Bank of Dallas v. Fredericks, 155 Tex. 79, 83, 283
S.W.2d 39, 42–43 (1955)).  We focus not on what the testator intended to write
but on the meaning of the words the testator actually used.  San Antonio
Area Found. v. Lang, 35 S.W.3d 636, 639 (Tex. 2000). “If the will is
unambiguous, [we will] not go beyond specific terms in search of the [testator’s]
intent.”  Id.  

The Colemans argue that
the will unambiguously limits Betty’s life estate to the royalties from the
wells that were producing when Randolph died.  They argue that the trial
court’s construction gives no effect to the phrase “that Oxy is presently
making payments to me on” and ignores that, given Randolph’s experience with
oil and gas terms, he would have more succinctly drafted the will if he wanted
Betty’s life estate to include the entire mineral interest.  They argue,
alternatively, that the will is ambiguous.

We hold that Randolph
unambiguously bequeathed to Betty his entire mineral interest in Crockett
County identified as being leased to Oxy.  Randolph wrote in his will, “I give all
of my interest in the Crockett County, Texas, mineral interest,” indicating his
intent to bequeath the entirety of his “mineral interest” without
qualification.  This language is not obscured by Randolph’s knowledge of a more
succinct or technically precise phrasing of this bequest.  The following phrase
“that Oxy is presently making payments to me on under owner number 250-061596”
does not limit the mineral interest but describes it in additional detail.  See
Tex. Builders v. Keller, 928 S.W.2d 479, 481 (Tex. 1996) (per curiam) (noting
that a conveyance must identify a property with reasonable certainty).  Although
the Colemans argue that this phrase would make sense as a property description
only if Randolph had owned other mineral interests in Crockett County, the
phrase is not “mere surplusage” because it provides additional detail of the
mineral interest that Randolph intended to bequeath.[4]

Conclusion

           The will is unambiguous, and grants Betty a life
estate in the mineral interest in Crockett County.  We, therefore,
affirm the trial court’s judgment.[5]

 

Rebecca Simmons, Justice









[1]
 According to Oxy’s records, Randolph owned a mineral interest in South Cross
Unit tracts 5, 22, and 23, under owner number 250-061596.  





[2]
 The Appellants also requested attorney’s fees and an accounting of royalties
paid to Betty.





[3] 
The trial court severed the will construction issue into a separate cause,
making the judgment final for purposes of appeal.





[4] 
Although the Colemans rely on In re Hite, 700 S.W.2d 713 (Tex. App.—Fort
Worth 1985, writ ref’d n.r.e.), the present case is factually distinguishable
because of the different phrasing of the bequest.  





[5] 
Because we hold that the will is unambiguous, we do not address the Colemans’
alterative argument that the will is ambiguous and need not address their
contention that the trial court erred in excluding their summary judgment
evidence.  See Tex. R. App. P. 47.1
(requiring our opinions to be “as brief as practicable” while “address[ing]
every issue raised and necessary to final disposition of the appeal”).