**MODIFY and AFFIRM; and Opinion Filed July 25, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00777-CV

### IN THE ESTATE OF JUDY DARLENE MORGENROTH, DECEASED

**On Appeal from the Collin County Probate**
**Collin County, Texas**
**Trial Court Cause No. PB1-1017-2011**

## MEMORANDUM OPINION
Before Justices Bridges, Lang, and O'Neill[1]
Opinion by Justice O'Neill

Appellant Josh Trescott, widower of Judy Darlene Morgenroth's daughter, appeals the trial court's order granting summary judgment in favor of appellee Buddy Morgenroth, son of Judy Darlene Morgenroth. In two issues, appellant contends that the trial court (1) granted summary judgment on grounds not contained in appellee's motion for summary judgment; and, (2) abused its discretion when it did not apply prevailing legal principals to determine Tiffany Trescott is an eligible member of the class gift contained in the will. We affirm the judgment of the trial court.

### Background

Judy Darlene Morgenroth (Mother) died testate on May 16, 2011. Tiffany Trescott (Daughter) died exactly ninety days after Mother's death. On December 27, 2011, the probate

---

[1] The Hon. Michael J. O'Neill, Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

court judge admitted Mother's will to probate, and appointed Son as the Independent Executor of the will. Mother left Buddy Morgenroth (Son) her diamond wedding band, guns, grandfather clock, and rare coins. Mother left Daughter her diamond engagement ring and her other jewelry. The will contained a residuary clause:

> All the remaining property, real and otherwise, of every kind and description, wheresoever situated, which I may own or have the right to dispose of at the time of my decease, I give, devise and bequeath to my surviving children, TIFFANY DAWN TRESCOTT and BUDDY LEE MORGENROTH, share and share alike, remainder to the survivor of them.

Son filed a motion to interpret the will on August 25, 2014. The parties then filed competing motions for summary judgment requesting the Court to determine whether Son was the sole heir to Mother's estate. The trial court granted summary judgment construing Mother's will "created a life estate for [Daughter] and [Son] during their lives, with any property of the Estate of [Mother] still in existence upon the death of the first of [Daughter] and [Son] to pass to the survivor of them." This appeal followed.

## Discussion

### A. Standard of Review

The standard for reviewing a traditional summary judgment is well-established. *See Sysco Food Servs. v. Trapnell*, 890 S.W.2d 796, 800 (Tex. 1994); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985); *First Union Nat. Bank v. Richmont Capital Partners I, L.P.*, 168 S.W.3d 917, 923 (Tex. App.—Dallas 2005, no pet.). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied); *First Union Nat. Bank*, 168 S.W.3d at 923. A reviewing court may determine all questions presented; it may affirm the summary judgment entered, reverse and render a judgment for the other party, if appropriate, or reverse and remand if neither party has met its summary judgment burden.

*Calhoun v. Killian*, 888 S.W.2d 51, 54 (Tex. App.—Tyler 1994, writ denied); *Hackberry Creek Country Club, Inc. v. Hackberry Creek Home Owners Ass'n*, 205 S.W.3d 46, 50 (Tex. App.—Dallas 2006, pet. denied).

### B. Son's Motion for Summary Judgment

In his first issue, appellant contends that the trial court erroneously granted summary judgment on grounds that were not contained in Son's summary judgment motion.

A trial court cannot grant a motion for summary judgment on grounds that were not included in the motion, and likewise a Court of Appeals cannot uphold it on unstated grounds." *Roberts v. Southwest Texas Methodist Hosp.*, 811 S.W.2d 141, 145 (Tex. App.—San Antonio 1991, writ denied). "When a motion for summary judgment asserts grounds A and B, it cannot be upheld on grounds C and D, which were not asserted, even if the summary judgment proof supports them." *Id.* at 145; *see also McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993)

Appellant moved for summary judgment on the grounds that the residuary clause defined the class members for a class gift. Son's motion for summary judgment requested the trial court to determine Son as the sole heir to Mother's estate on the ground that the residuary clause of the will created a survivorship clause, which Daughter did not satisfy. On May 8, 2015, the trial court ordered that the phrase "remainder to the survivor of them" in the residuary clause created a life estate for Son and Daughter with any property still in existence upon the death of either Son or Daughter to pass to the survivor of them. While neither Son nor appellant's motion for summary judgment explicitly argued that the residuary clause created a life estate for each sibling, Son attached a brief in support of his motion for summary judgment which included the assertion that the trial court could interpret the unambiguous will: Mother "wished for her residuary estate to go to her surviving children, [Daughter and Son], and the remainder to the

survivor of the two of them. Here, the survivor of the two of them is [Son]." This argument is the foundation of the trial court's interpretation of Mother's will; Son does not argue that the residuary clause created a life estate, but that Son and Daughter both take in the residuary with the limitation that any remainder of the residue upon the death of one sibling should transfer to the surviving sibling. The trial court granted summary judgment in Son's favor on this ground. Further, both parties requested the trial court to interpret the will: Son filed a "Motion to Re-Interpret Will," and appellant requested "the [c]ourt to interpret the terms of [Mother's] will" in his motion for summary judgment.

Because the trial court issued summary judgment on the grounds of an argument in Son's motion and interpreted the will at the request of both parties, the trial court did not err in entering an order construing the will in Son's favor. We overrule appellant's first issue.

### C. Residuary Clause

In his second issue, appellant contends that the trial court erred when it concluded that Daughter was not an eligible beneficiary of a class gift established by the residuary clause.

The determination of whether a will is ambiguous is a question of law. *Harris v. Hines*, 137 S.W.3d 898, 903 (Tex. App.—Texarkana 2004, no pet.); *Hurley v. Moody Nat'l Bank of Galveston*, 98 S.W.3d 307, 310 (Tex. App.—Houston [1st Dist.] 2003, no pet.). If the court can give a certain or definite legal meaning or interpretation to the words used, the will is unambiguous, and the court should construe it as a matter of law. *In re Estate of Slaughter*, 305 S.W.3d 804, 808 (Tex. App.—Texarkana 2010, no pet.); *Steger v. Muenster Drilling Co., Inc.*, 134 S.W.3d 359, 373 (Tex. App.—Fort Worth 2003, pet. denied).

The cardinal rule for construing a will is to ascertain the true intent of the testator as expressed in the will. *In re Estate of Slaughter*, 305 S.W.3d at 809. When the will itself is unambiguous, we do not go beyond the will's specific terms in search of the testator's intent. *San*

*Antonio Area Found. v. Lang*, 35 S.W.3d 636, 639 (Tex. 2000). A will is ambiguous only when the established rules of construction leave its terms susceptible to more than one reasonable meaning. *In re Estate of Slaughter*, 305 S.W.3d at 809. Such ambiguity does not arise merely because the parties disagree on the will's interpretation or because of a simple lack of clarity. See *DeWitt County Elec. Coop., Inc. v. Parks*, 1 S.W.3d 96, 100 (Tex. 1999) (construing a contract). A devise of an estate will be deemed a fee simple, unless limited by express words, and a condition which tends to defeat an estate will be strictly construed. *Benson v. Greenville Nat. Exch. Bank*, 253 S.W.2d 918, 922 (Tex. Civ. App.—Texarkana 1952, writ ref'd n.r.e.).

A "fee simple absolute" is an estate over which the owner has unlimited power of disposition in perpetuity without condition or limitation. *Walker v. Foss*, 930 S.W.2d 701, 706 (Tex. App.—San Antonio 1996, no writ). An "executory limitation" is an event which, if it occurs, automatically divests one of devised property. *Deviney v. NationsBank*, 993 S.W.2d 443, 448 (Tex. App.—Waco 1999, pet. denied). A fee simple estate subject to an executory limitation is called a "determinable fee simple estate." *Id.* This is a fee simple interest in every respect, except that it passes to another if the contingency happens. *Barker v. Rosenthal*, 875 S.W.2d 779, 781 (Tex. App.—Houston [1st Dist.] 1994, no writ). The recipient upon the contingency's happening has an "executory interest." *Deviney*, 993 S.W.2d at 448–49. A life estate is created by words showing intent to give the right to possess, use, and enjoy the property during life. *See Eversole v. Williams*, 943 S.W.2d 141, 143 (Tex. App.—Houston [1st Dist.] 1997, no writ). There can be no life estate in property, real or personal, without a remainder. *Benson*, 253 S.W.2d at 922. It may not be necessary always to name the remainderman, in which case the law would define him. *Id.* But in such case the will must clearly and unequivocally provide for a life estate, thus to overcome the presumption that the testator intended to give the greater estate. *Id.* Additionally, the life tenant may expressly be given unlimited power to dispose of the property

during his lifetime; if such power is exercised, it defeats the remainderman's interest in the disposed-of property. *See Edds v. Mitchell*, 184 S.W.2d 823, 825 (Tex. 1945). However, the life tenant may not devise any of that property that remains at her death. *Montgomery v. Browder*, 930 S.W.2d 772, 777 (Tex. App.—Amarillo, writ denied). No particular language is required to make a life estate. *Welch v. Straach*, 531 S.W.2d 319, 321 (Tex. 1975); *Cooley v. Williams*, 31 S.W.3d 810, 813 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

The residuary clause devised any remaining property to Son and daughter to "share and share alike, remainder to the survivor of them." Though both parties disagree as to the interpretation of the residuary clause, both parties concede the residuary clause is unambiguous. Following competing motions for summary judgment, the trial court issued an order interpreting the clause "remainder to the survivor of them" to have created a life estate for Son and Daughter, with any property of Mother still in existence upon the death of the first of Son or Daughter to pass to the other. We construe the will to read that Mother intended to devise a one-half fee simple determinable interest to both Son and Daughter, rather than a life estate. Appellant argues that the residuary clause established a class gift, and that Daughter was entitled to receiving a share of the class gift when she survived the mother by more than 120 hours. We disagree that the residuary clause created a class gift.

The trial court erred when it concluded that the residuary clause granted Son and Daughter a life estate in the residue of Mother's estate. Though there is no specific formula of words required to create a life estate, the instrument must clearly and unequivocally provide for a life estate, thus to overcome the presumption that the testator intended to give the greater estate. *Benson*, 253 S.W.2d at 922. Here, the residuary clause does not explicitly grant the residue to Son and Daughter for their lives—using a phrase such as "as long as they live" or "during their lives." *See Welch*, 531 S.W.2d at 321. Because the residuary clause does not clearly and

unequivocally provide a life estate, there is insufficient evidence to overcome the presumption that Mother intended to give her residuary in fee simple—the greater estate. This interpretation is supported by the first phrase at issue: requiring Son and Daughter to "share and share alike" in Mother's residue. This phrase standing alone conveys a one-half fee simple absolute interest for both Son and Daughter. The second phrase, "remainder to the survivor of them," clearly gives whatever interest Son or Daughter still holds in the residue to the other when the first one of them dies. The occurrence of this "executory limitation"—the event in which either sibling predeceases the other while holding any interest in the residue—automatically divests the predecessor of the remaining devised property and the surviving sibling—giving the surviving sibling an executory interest. To read these two phrases together—without nullifying the second phrase and while preserving the greatest estate possible in the first phrase—is to construe Mother's devise to Son and Daughter as a determinable fee simple. *See Cooley*, 31 S.W.3d at 813; *First Nat. Bank of Corsicana v. DeFoe*, 384 S.W.2d 926, 928 (Tex. Civ. App.—Waco 1964, writ ref'd). Son held an executory interest in Daughter's share of Mother's residue; the contingency was Daughter predeceasing Son with some of Mother's residual estate. Daughter died before Son while still holding a one-half interest in Mother's residue, therefore Son takes. The determination that the residuary clause created two determinable fee simples followed by executory interests harmonizes both phrases at issue in Mother's will. We now turn to whether this fee simple determinable devise was given to a class of devisees.

Appellant contends that a Fourth Court of Appeals decision, *Gregg v. Jones*, should have governed the trial court's analysis. *See Gregg v. Jones*, 699 S.W.2d 378, 379 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.). Beyond that *Gregg* is merely persuasive authority to this Court, the residuary clause in *Gregg* is not analogous to the instant case. In *Gregg*, the testator devised the residue of her estate to her "beloved husband . . . and any children that might survive [her], or

the survivors or survivor of them . . . to share and share alike . . . ." *Gregg*, 699 S.W.2d at 379. While *Gregg* uses the phrases "survivor of them" and "share and share alike," the usage of these phrases is in a different context. The residuary clause in *Gregg* described legatees as members of a class—"any children that might survive me, or the survivors or survivor of them"—rather than naming the legatees as individuals. The residuary clause in this case devises the residuary to her "surviving children," but continues to name Son and Daughter. Where legatees are named as individuals and also are described as a class, the gift by name ordinarily constitutes a gift to individuals, the class description being added merely by way of identification. *Benson*, 253 S.W.2d at 924. Thus, Mother's residuary clause did not establish a class gift. We overrule appellant's second issue.

### Conclusion

Resolving appellant's issues against him, we modify the trial court's judgment in part—holding that the residuary clause created a one-half determinable fee simple subject to an executory limitation for both Son and Daughter, and the executory limitation was one sibling predeceasing the other while still holding any interest in Mother's residue. We affirm the trial court's judgment as modified.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE, ASSIGNED

150777F.P05

–8–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE ESTATE OF JUDY DARLENE
MORGENROTH, DECEASED

No. 05-15-00777-CV

On Appeal from the Collin County Probate,
Collin County, Texas
Trial Court Cause No. PB1-1017-2011.
Opinion delivered by Justice O'Neill.
Justices Bridges and Lang participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

> The residuary clause created a one-half determinable fee simple subject to an executory limitation for both Buddy Lee Morgenroth and Tiffany Dawn Trescott, and the executory limitation was one sibling predeceasing the other while still holding any interest in Judy Darlene Morgenroth's residue.

It is **ORDERED** that, as modified, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee BUDDY LEE MORGENROTH recover his costs of this appeal from appellant JOSH TRESCOTT.

Judgment entered this 25th day of July, 2016.