# IN THE SUPREME COURT OF TEXAS

═══════════

No. 17-0822

═══════════

CONOCOPHILLIPS COMPANY, RODOLFO C. RAMIREZ, INDIVIDUALLY AND AS
INDEPENDENT ADMINISTRATOR OF THE ESTATE OF ILEANA RAMIREZ,
AND EL MILAGRO MINERALS, LTD., PETITIONERS,

v.

LEON OSCAR RAMIREZ, JR., INDIVIDUALLY, AND JESUS M. DOMINGUEZ, AS
GUARDIAN OF THE ESTATE OF MINERVA CLEMENTINA RAMIREZ, AN
INCAPACITATED PERSON, RESPONDENTS

═══════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS

═══════════════════════════════════════════

**Argued September 17, 2019**

CHIEF JUSTICE HECHT delivered the opinion of the Court.

The issue we decide in this case is whether a devise of "all . . . right, title and interest in and to Ranch 'Las Piedras'" refers only to a surface estate by that name as understood by the testatrix and beneficiaries at the time the will was made or also includes the mineral estate. We conclude that only the surface estate was devised. We reverse the court of appeals' judgment and render judgment for petitioners.

Conveyances over 80 years provide the context for the parties' dispute. The factual background is lengthy and complex but in all material respects undisputed. To assist the reader's understanding, we will both describe and chart the transactions. A complete chart is included in an appendix. All fractions are undivided interests.

In 1941, Ildefonso Ramirez died, leaving to his children, Leon Juan and Felicidad, multiple tracts totaling 7,016 acres in Zapata County. Not all of the tracts were contiguous. Months later, Leon Juan and Felicidad partitioned the surface estate and severed the minerals, each taking 3,508 surface acres and an undivided 1/2 interest in the minerals under the entire 7,016 acres. As a result:

| Ildefonso Ramirez's 7,016 acres | | | |
|---|---|---|---|
| 1941: Ildefonso's death | 1/2 Leon Juan & 1/2 Felicidad | | |
| 1941: Partition | Surface | | Minerals |
| | 3,508 acres | 3,508 acres | 1/2 Felicidad 1/2 Leon Juan |
| | Leon Juan | Felicidad | |

Leon Juan died in 1966, survived by his wife, Leonor, and three children, Leon Oscar Sr., Ileana, and Rodolfo. His will made identical dispositions of his limited surface estate and broader mineral estate but in separate paragraphs: 1/2 of each to his wife Leonor and the rest to his children in equal shares. After Leon Juan's death, ownership of the Zapata County property stood as follows:

| Ildefonso Ramirez's 7,016 acres | | | | |
|---|---|---|---|---|
| | Surface | | Minerals | |
| 1941: Partition | 3,508 acres | 3,508 acres | 1/2 Felicidad 1/2 Leon Juan | |
| 1966: Leon Juan's death | 1/2 Leonor<br><br>1/6 Leon Oscar Sr.<br>1/6 Ileana<br>1/6 Rodolfo | Felicidad | 1/2 Felicidad<br><br>1/4 Leonor<br><br>1/12 Leon Oscar Sr.<br>1/12 Ileana<br>1/12 Rodolfo | |

In 1975, Leonor and her children partitioned their interests in Leon Juan's surface estate. Their agreement states that the partition did "not . . . include oil, gas and other minerals which for the [time being] [were] to remain undivided". Leonor took an 800-acre tract of the surface estate known as "West El Milagro Pasture", which also included land and improvements that the parties referred to as the "Headquarters Ranch". Rodolfo took a 400-acre tract referred to as "East El Milagro Pasture". Leon Oscar Sr. and Ileana jointly took a 1,058-acre tract that, in the words of the agreement, was "known as Las Piedras Pasture". Las Piedras was a separate tract not contiguous with the other property. Three years later, Leonor and Ileana swapped their surface tracts. Their exchange agreement recites that Leon Oscar Sr. and Ileana had earlier been "partitioned the surface to 1058 acres . . . known as 'Las Piedras Ranch'". Ileana agreed to convey to Leonor "all of her right, title and interest in and to the surface to . . . 1,058 acres of land . . . known as LAS PIEDRAS PASTURE". The agreement states that the "Deed of Exchange [did] not . . . include oil, gas and other minerals which [were] to remain undivided". Thus, after the exchange, Leonor owned an undivided

3

1/2 interest in the surface acreage known as Las Piedras Ranch—her son Leon Oscar Sr. owned the other 1/2 interest—and a 1/4 undivided mineral interest in the entire 7,016-acre family estate:

| Ildefonso Ramirez's 7,016 acres | | | | | |
|---|---|---|---|---|---|
| | Surface | | | | Minerals |
| | 3,508 acres | | | 3,508 acres | |
| 1975: Partition | Las Piedras Ranch | Hq Ranch & W El Milagro Pasture | E El Milagro Pasture | Felicidad | 1/2 Felicidad<br><br>1/4 Leonor<br><br>1/12 Leon Oscar Sr.<br>1/12 Ileana<br>1/12 Rodolfo |
| | 1/2 Ileana 1/2 Leon Oscar Sr. | Leonor | Rodolfo | | |
| 1978: Exchange | 1/2 Leonor 1/2 Leon Oscar Sr. | Ileana | Rodolfo | Felicidad | 1/2 Felicidad<br><br>1/4 Leonor<br><br>1/12 Leon Oscar Sr.<br>1/12 Ileana<br>1/12 Rodolfo |

The family ownership interests had not changed when Leonor executed her will in 1987. She died the following year. She devised a life estate in "all of [her] right, title and interest in and to Ranch 'Las Piedras'" to her son Leon Oscar Sr. with the remainder to his living children in equal shares. Leonor devised the residuary of her estate equally to her three children, Leon Oscar Sr., Ileana, and Rodolfo. They believed at the time that Leonor had devised her mineral interest in the entire 7,016 acres, including Las Piedras Ranch, to them in equal shares as part of her residuary estate. Leon Oscar Sr.'s children now contend that Leonor's residuary estate did not include the mineral interest in Las Piedras Ranch but that it passed to Leon Oscar Sr. as part of his life estate. The dispute is shown in this chart:

4

| Ildefonso Ramirez's 7,016 acres | | | | | | |
|---|---|---|---|---|---|---|
| | Surface | | | | Minerals | |
| | 3,508 acres | | | 3,508 acres | | |
| | Las Piedras Ranch | Hq Ranch & W El Milagro Pasture | E El Milagro Pasture | | | |
| 1988: Leonor's death – per petitioners | 1/2 fee + 1/2 L/E Leon Oscar Sr. | Ileana | Rodolfo | Felicidad | 1/2 Felicidad<br><br>1/6 Leon Oscar Sr.<br>1/6 Ileana<br>1/6 Rodolfo | |
| 1988: Leonor's death – per respondents | | | | | Las Piedras Ranch | Rest of 7,016 acres |
| | 1/2 fee + 1/2 L/E Leon Oscar Sr. | Ileana | Rodolfo | Felicidad | 1/2 Felicidad<br><br>1/12 fee + 1/4 L/E Leon Oscar Sr.<br>1/12 Ileana<br>1/12 Rodolfo | 1/2 Felicidad<br><br>1/6 Leon Oscar Sr.<br>1/6 Ileana<br>1/6 Rodolfo |

Over the years, mineral leases had been executed on various portions of the family estate, though the entire estate had never been subject to a single lease. After Leonor's death, her children signed several oil and gas leases on various portions of the family land. In 1990, the siblings, together with their aunt Felicidad, signed an extension of a 1983 lease to Enron Oil and Gas Company (EOG) of the minerals under Las Piedras Ranch. Consistent with their understanding of Leonor's will, the extension treated the siblings as equal fee owners of the minerals under the Ranch, just as they were equal fee owners of the minerals under the rest of the estate. The 1990 lease was later transferred to ConocoPhillips.

Until Leon Oscar Sr.'s death in 2006, his actions and those of his siblings, Ileana and Rodolfo, were consistent with their understanding that Leonor's will had given them a fee interest in the minerals under the entire 7,016 acres, including Las Piedras Ranch, and inconsistent with a contrary view. His death terminated his life estate, which passed, in accordance with Leonor's will, to his three children: Leon Oscar Jr., Rosalinda, and Minerva. Leon Oscar Sr. left his estate to Leon Oscar Jr. and Rosalinda, who were named co-executors in his will. He left no property to his daughter, Minerva, who was incapacitated.

In 2010, Leon Oscar Jr., Rosalinda, and Minerva (through a guardian) brought this lawsuit against their uncle Rodolfo and his business, El Milagro Minerals, Ltd.; their aunt Ileana's estate; and ConocoPhillips and EOG. They asserted that their father's life estate under their grandmother's will included her interest in not only the surface of Las Piedras Ranch but also the minerals beneath it and that the mineral interest their father, aunt, and uncle received under the will's residuary provision did not include those under the Ranch. As remaindermen under the will, they claimed to own their father's life-estate interest in 1/2 of the surface of the Ranch and 1/4 of the minerals, and as his heirs, Leon Oscar Jr. and Rosalinda claimed to own his fee interest in the other 1/2 of the surface. The competing views are as follows:

| Ildefonso Ramirez's 7,016 acres | | | | | | |
|---|---|---|---|---|---|---|
| | Surface | | | | Minerals | |
| | 3,508 acres | | | 3,508 acres | | |
| | Las Piedras Ranch | Hq Ranch & W El Milagro Pasture | E El Milagro Pasture | | | |
| 2006: Leon Oscar Sr.'s death – per petitioners | 5/12 Leon Oscar Jr. 5/12 Rosalinda 1/6 Minerva | Ileana | Rodolfo | Felicidad | 1/2 Felicidad<br><br>1/6 Ileana<br>1/6 Rodolfo<br><br>1/12 Leon Oscar Jr. 1/12 Rosalinda | |
| 2006: Leon Oscar Sr.'s death – per respondents | | | | | Las Piedras Ranch | Rest of 7,016 acres |
| | 5/12 Leon Oscar Jr. 5/12 Rosalinda 1/6 Minerva | Ileana | Rodolfo | Felicidad | 1/2 Felicidad<br><br>1/12 Ileana<br>1/12 Rodolfo<br><br>1/8 Leon Oscar Jr.<br>1/8 Rosalinda<br>1/12 Minerva | 1/2 Felicidad<br><br>1/6 Ileana<br>1/6 Rodolfo<br><br>1/12 Leon Oscar Jr.<br>1/12 Rosalinda |

The children, who are respondents in this Court, sought declarations of the parties' ownership interests. They also claimed that the leases that their father, aunt, and uncle executed were not effective as to them and sought an accounting from EOG and ConocoPhillips. Rosalinda eventually dismissed her claims. Based on its rulings on several motions for summary judgment, and following a bench trial on attorney fees, the trial court signed a final judgment in favor of Leon Oscar Jr. and Minerva, awarding them each $3,764,489 in damages, $951,546 in prejudgment interest, a per diem of $283.63 for a span of about 80 days preceding the trial court's signing of the

final judgment, and $1,125,000 in attorney fees—for a total judgment of almost $12 million against ConocoPhillips.[1] The court of appeals affirmed.[2] We granted ConocoPhillips' and Rodolfo's petitions for review.[3]

## II

"In construing a will, the court's focus is on the testatrix's intent",[4] which "must be ascertained from the language found within the four corners of the will", if possible,[5] and "determined as of the time the will is executed".[6] "[W]hen a term in a will 'is open to more than one construction,' a court can consider 'the circumstances existing when the will was executed.'"[7]

Leonor's bequest of a life estate to Leon Oscar Sr. capitalizes "Ranch 'Las Piedras'" and places the name in quotation marks, indicating that the term has a specific meaning to Leonor and her family.[8] That meaning is shown by the circumstances that existed when the will was executed. The 1975 partition agreement names the tracts covered and refers to a 1,058-acre tract as "Las

---

[1] Respondents settled with EOG for $50,000 prior to the trial court's signing of a final judgment.

[2] 534 S.W.3d 490 (Tex. App.—San Antonio 2017). The court corrected a clerical error in the judgment awarding relief to respondent Minerva directly rather than through her guardian. *Id.* at 515.

[3] 62 TEX. SUP. CT. J. 1310–1311 (June 28, 2019).

[4] *San Antonio Area Found. v. Lang*, 35 S.W.3d 636, 639 (Tex. 2000) (citing *Huffman v. Huffman*, 339 S.W.2d 885, 888 (Tex. 1960)).

[5] *Id.* (citing *Shriner's Hosp. for Crippled Children of Tex. v. Stahl*, 610 S.W.2d 147, 151 (Tex. 1980)).

[6] *Henderson v. Parker*, 728 S.W.2d 768, 770 (Tex. 1987).

[7] *Hysaw v. Dawkins*, 483 S.W.3d 1, 8 (Tex. 2016) (quoting *Lang*, 35 S.W.3d at 639).

[8] *See Stagg v. Richardson*, No. 01-17-00543-CV, 2018 WL 1320834, at *2 (Tex. App.—Houston [1st Dist.] Mar. 15, 2018, no pet.) (mem. op.) ("The capitalization of the words, the enclosure of the phrase in quotation marks, and the use of brackets all indicate that the phrase 'Net Amount Due to Stagg' is terminology borrowed directly from [a document referenced in the mediated settlement agreement being construed].") (cleaned up).

Piedras Pasture", expressly stating that only the surface of the tracts was covered and "not . . . [the] oil, gas and other minerals which for the [time being] [were] to remain undivided". Likewise, the 1978 exchange agreement recites that Leon Oscar Sr. and Ileana were "partitioned the surface to 1058 acres . . . known as 'Las Piedras Ranch'" and effects the conveyance from Ileana to Leonor of "all of her right, title, and interest in and to the surface to . . . 1,058 acres of land . . . known as LAS PIEDRAS PASTURE". The agreement elsewhere describes the tract as "Las Piedras Ranch", and like the partition agreement, makes clear that the "Deed of Exchange [did] not . . . include oil, gas and other minerals which . . . remain[ed] undivided". These documents clearly designate the 1,058-acre tract of land known as Las Piedras Ranch and Las Piedras Pasture as a surface estate only. Further, the history of conveyances since 1941 demonstrates the Ramirez family's intent that each member's mineral interest in the larger 7,016-acre tract remain undivided.

Respondents argue that the fact that Las Piedras Ranch was not contiguous with the rest of the estate shows that the family meant to treat the minerals separately as well as the surface. But when the family separated Leon Juan's surface estate into Las Piedras Ranch and two other parcels, they expressly declined to separate the minerals. This is strong evidence that the family intended that their ownership of all the estate minerals be joint. Respondents argue that the leasing of various portions of the minerals from time to time is inconsistent with joint ownership, but execution of the leases was always consistent with the family's understanding of joint ownership.

Had there been any doubt about the meaning of his mother's will, it surely was in Leon Oscar Sr.'s interest to raise it rather than share the mineral interest with his siblings and join with them and his aunt in leasing the property. The evidence establishes that Leonor, who shared

9

ownership of the Las Piedras Ranch surface with her son, gave him her interest in the surface for life, but gave her interest in the minerals in the 7,016-acre family estate equally to her three children, who already had equal interests.

*  *  *  *  *

Because all of respondents' claims are premised on an erroneous interpretation of Leonor's will, petitioners are entitled to judgment as a matter of law. We reverse the court of appeals' judgment and render judgment for petitioners.

_____

Nathan L. Hecht
Chief Justice

Opinion delivered: January 24, 2020

| Ildefonso Ramirez's 7,016 acres | | | | | |
|---|---|---|---|---|---|
| **1941: Ildefonso's death** | 1/2 Leon Juan & 1/2 Felicidad | | | | |
| **1941: Partition** | Surface | | | | Minerals |
| | 3,508 acres | | | 3,508 acres | 1/2 Felicidad<br>1/2 Leon Juan |
| | Leon Juan | | | Felicidad | |
| **1966: Leon Juan's death** | 1/2 Leonor<br><br>1/6 Leon Oscar Sr.<br>1/6 Ileana<br>1/6 Rodolfo | | | Felicidad | 1/2 Felicidad<br><br>1/4 Leonor<br><br>1/12 Leon Oscar Sr.<br>1/12 Ileana<br>1/12 Rodolfo |
| **1975: Partition** | Las Piedras Ranch | Hq Ranch & W El Milagro Pasture | E El Milagro Pasture | Felicidad | 1/2 Felicidad<br><br>1/4 Leonor<br><br>1/12 Leon Oscar Sr.<br>1/12 Ileana<br>1/12 Rodolfo |
| | 1/2 Ileana<br>1/2 Leon Oscar Sr. | Leonor | Rodolfo | | |
| **1978: Exchange** | 1/2 Leonor<br>1/2 Leon Oscar Sr. | Ileana | Rodolfo | Felicidad | 1/2 Felicidad<br><br>1/4 Leonor<br><br>1/12 Leon Oscar Sr.<br>1/12 Ileana<br>1/12 Rodolfo |
| **1988: Leonor's death – per petitioners** | 1/2 fee + 1/2 L/E Leon Oscar Sr. | Ileana | Rodolfo | Felicidad | 1/2 Felicidad<br><br>1/6 Leon Oscar Sr.<br>1/6 Ileana<br>1/6 Rodolfo |

11

| | | | | | Las Piedras Ranch | Rest of 7,016 acres |
|---|---|---|---|---|---|---|
| 2006: Leon Oscar Sr.'s death – per petitioners | 5/12 Leon Oscar Jr. 5/12 Rosalinda 1/6 Minerva | Ileana | Rodolfo | Felicidad | 1/2 Felicidad<br><br>1/6 Ileana 1/6 Rodolfo<br><br>1/12 Leon Oscar Jr. 1/12 Rosalinda | |
| 1988: Leonor's death – per respondents | 1/2 fee + 1/2 L/E Leon Oscar Sr. | Ileana | Rodolfo | Felicidad | 1/2 Felicidad<br><br>1/12 fee + 1/4 L/E Leon Oscar Sr. 1/12 Ileana 1/12 Rodolfo | 1/2 Felicidad<br><br>1/6 Leon Oscar Sr. 1/6 Ileana 1/6 Rodolfo |
| 2006: Leon Oscar Sr.'s death – per respondents | 5/12 Leon Oscar Jr. 5/12 Rosalinda 1/6 Minerva | Ileana | Rodolfo | Felicidad | 1/2 Felicidad<br><br>1/12 Ileana 1/12 Rodolfo<br><br>1/8 Leon Oscar Jr. 1/8 Rosalinda 1/12 Minerva | 1/2 Felicidad<br><br>1/6 Ileana 1/6 Rodolfo<br><br>1/12 Leon Oscar Jr. 1/12 Rosalinda |
| | | | | | | |